# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ORRIN S. ANDERSON,

Debtor,

ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON,
A/K/A ORRIN SCOTT ANDERSON,

        Debtor and Plaintiff
        on behalf of himself
        and all others similarly
        situated,

        v.

CAPITAL ONE BANK (USA), N.A.

        Defendant.

Chapter 7
Case No. 14-22147 (RDD)

Adv. Proc. No.
15-08342 (RDD)

**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

# <u>TABLE OF CONTENTS</u>

**Page**

RECITALS ..................................................................................................................3

1.    Definitions...........................................................................................................7

2.    Conditions and Effectiveness of Agreement ........................................................17

3.    Settlement Consideration....................................................................................22

4.    Qualified Settlement Fund .................................................................................. 27

5.    Payments from the Settlement Fund and Claims Process .....................................28

6.    Retention and Duties of Settlement Administrator ..............................................36

7.    Notice to the Class and Settlement Website ........................................................38

8.    Covenants Not to Sue .........................................................................................40

9.    Representations and Warranties ..........................................................................40

10.    Releases............................................................................................................ 41

11.    Opt-Out Rights...................................................................................................42

12.    Objections ..........................................................................................................43

13.    Termination........................................................................................................45

14.    Certification of Settlement Class For Settlement Purposes.................................. 47

15.    Attorneys' Fees and Litigation Costs, Incentive Award ...................................... 48

16.    Stay of Discovery and Other Proceedings............................................................50

17.    Return/Destruction of Discovery Materials ........................................................ 51

18.    Media and Confidentiality ................................................................................. 52

19.    Notices .............................................................................................................. 52

20.    Miscellaneous Provisions ...................................................................................53

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between (i) Plaintiff Orrin S. Anderson (the "Class Representative"), individually and as class representative on behalf of the Settlement Class, and (ii) Defendant Capital One Bank (USA), N.A. ("Capital One") (collectively the "Parties"). The Parties intend and agree to resolve, discharge, and settle fully, finally, and forever claims of the Settlement Class (as that term is defined below) asserted in the adversary class action captioned *Anderson v. Capital One Bank (USA), N.A.*, Adversary Proceeding No. 15-08342 (RDD), pending in the United States Bankruptcy Court for the Southern District of New York (the "Action"), subject to approval of the Court.

### RECITALS

A.       On or about January 31, 2014, Class Representative Orrin Anderson ("Anderson") filed for bankruptcy relief in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), captioned *In re Anderson*, No. 14-22147 (RDD), (the "Anderson Bankruptcy").  A discharge order was signed and entered on or about May 6, 2014. On or about June 9, 2015, Anderson moved to reopen his bankruptcy, and the Bankruptcy Court granted that motion on July 6, 2015.

B.       On or about July 31, 2015, Anderson filed a Class Action Adversary Complaint in the Bankruptcy Court captioned *Anderson v. Capital One Bank (USA), N.A.*, Adversary Proceeding No. 15-08342 (RDD), against Capital One. The Complaint alleges that Capital One violated the discharge injunction under Section 524(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, by failing to update the credit information provided to Credit Reporting Agencies (as that term is defined below) on sold accounts that were subsequently discharged in bankruptcy.

C.    On or about September 18, 2015, Capital One filed a motion to dismiss the Complaint and a motion to transfer venue. Following full briefing and oral argument, the Bankruptcy Court denied both motions on March 3, 2016, but required Anderson to amend the Complaint in one respect.

D.    On or about April 1, 2016, Anderson filed the Amended Class Action Adversary Complaint ("Amended Complaint") in the Action, which included the required amendment.

E.    On or about April 15, 2016, Capital One answered the Amended Complaint.

F.    On or about August 1, 2018, Capital One again moved to dismiss the Amended Complaint. After full briefing on the motion, but prior to a hearing or decision on the motion, the Parties mediated the dispute and reached this Agreement.

G.    In connection with its August 1, 2018 motion to dismiss, Capital One represented to the Bankruptcy Court that since December 1, 2015, after furnishing information about the sale of a debt to the credit reporting agencies, Capital One has requested that its Tradeline regarding that debt be deleted. Upon acceptance of that request by the credit reporting agencies, no Capital One Tradeline regarding the account or debt appears on a credit report irrespective of whether or not the consumer later receives a bankruptcy discharge. Capital One has confirmed that these deletions have been regularly occurring. Capital One further stated that, given the above-described actions, it takes all reasonable steps to ensure that the Tradelines for Affected Accounts are deleted. Capital One applied this policy retroactively and deleted the existing Tradelines for Credit Card Accounts with previously sold debt.

H.    The Parties have engaged in extensive discovery, including the exchange of written discovery requests and responses, the production by Capital One of almost 300,000 pages of documents, and the taking of sworn testimony.

I.      Based upon their discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, and participation in mediation, the Parties have agreed to settle this Action pursuant to the provisions of this Agreement.

J.      Defendant has denied and continues to deny each and every allegation of liability, wrongdoing, and damages, as it has substantial factual and legal defenses to all claims and class allegations asserted in the Action. Defendant has always maintained, and continues to maintain, that it has acted in accordance with all applicable orders and governing law. Plaintiff maintains the strength of his positions. This Agreement shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Parties with respect to any claim by any Class Member, any fault, liability, wrongdoing, or damage, or any defenses that Defendant asserted. The Parties nonetheless have concluded that continuing the Action would be protracted, expensive, and disruptive to business. They therefore have decided that it is desirable to fully and finally settle the Action on the terms and conditions set forth herein to avoid the further expense, inconvenience, and distraction of the Action.

K.      By this Agreement, and recognizing the consideration provided for under this Agreement, the Class Representative and Class Counsel (as that term is defined below) intend to fully and finally resolve all claims against Capital One in connection with the Action, as more fully set forth herein.

L.      The Class Representative and Class Counsel recognize the expense and length of proceedings necessary to continue the litigation through further discovery, motion practice, trial, and any possible appeals. They have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. They are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the

Action and the defenses thereto. Based upon their evaluation, the Class Representative and Class

Counsel have determined that the settlement set forth in this Agreement is in the best interests of

the Class Representative and the Settlement Class and is fair, adequate, and reasonable.

M.      This Agreement and all associated exhibits or attachments are made for the sole

purpose of attempting to consummate settlement of this Action on a class-wide basis. This

Agreement and the settlement it evidences are made in compromise of disputed claims. Because

the Action is pleaded as a class action, this Settlement must receive preliminary approval by the

Bankruptcy Court and final approval by the District Court. Accordingly, the Class Representative

and Capital One enter into this Agreement and associated settlement on a conditional basis. In the

event that Capital One or the Class Representative exercises a right herein to terminate or rescind

this Agreement, the Bankruptcy Court does not preliminarily approve this Settlement, the District

Court does not execute and file the Order Granting Final Approval of Settlement (as that term is

defined below), or the associated Judgment does not become Final (as that term is defined below)

for any reason, this Agreement shall be deemed null and void *ab initio,* it shall be of no force or

effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever by anyone, and

the negotiation, terms and entry of the Parties into this Agreement shall remain subject to the

provisions of Federal Rule of Evidence 408, any and all state statutes of a similar nature, and the

mediation privilege. Notwithstanding the foregoing, Capital One may use, offer, admit, or refer

to this Agreement and to the settlement reached therein where necessary to defend itself in any

other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding.

N.      The Parties expressly reserve all rights, claims, and defenses and do not waive any

such rights, claims, or defenses in the event that this Agreement is not approved for any reason.

The Parties agree that they each retain and reserve all rights, and agree not to take a position to

the contrary. The Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Capital One could not contest class certification and/or proceeding collectively on any grounds if the Action were to proceed or that this Agreement is evidence of or constitutes an admission that class certification may be appropriate. No agreements made by or entered into by Capital One in connection with this Agreement may be used by Plaintiff, any settlement class member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or in any other judicial proceeding in which Capital One is a party.

1.    **Definitions**

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

1.1      "Action" means the adversary proceeding filed on or about July 31, 2015, in the United States Bankruptcy Court for the Southern District of New York, captioned *Anderson v. Capital One Bank (USA), N.A.*, Adversary Proceeding No. 15-08342 (RDD). The parties have agreed to move to withdraw the reference in connection with seeking approval of this Agreement, after the Bankruptcy Court considers and grants the motion for preliminary approval and enters the Order in the same or substantially the same form as Exhibit 3 attached hereto.

1.2      "Affected Accounts" means those Credit Card Accounts as to which Capital One charged off and then sold a debt to a Debt Buyer on or after January 1, 2008, and as to which the cardmember post-sale sought and obtained a discharge as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, through and including March 22, 2016.

1.3      "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release and all of its attachments and exhibits, which the Class Representative and Capital One

7

understand and agree sets forth all material terms and conditions of the settlement of the Action between them and which is subject to Court Approval. It is understood and agreed that Capital One's obligations under this Agreement are conditioned on, *inter alia,* the occurrence of the Effective Date and other conditions set forth in this Agreement.

1.4    "Anderson Bankruptcy" means the bankruptcy case filed by Anderson in the United States Bankruptcy Court for the Southern District of New York, captioned *In re Anderson*, No. 14-22147 (RDD).

1.5    "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them for the fees and expenses they incurred in connection with the  Action.

1.6    "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York.

1.7    "Capital One" means Capital One Bank (USA), N.A., the defendant in the Action. For the sake of clarity, for purposes of Paragraphs 3.2.1 through 3.2.4, the term "Capital One" shall include any presently wholly owned subsidiary of Capital One that is a seller of charged off debt from Credit Card Accounts to a Debt Buyer.

1.8    "Claim" means a written request, via a Claim Form, submitted by a Settlement Class Member to the Settlement Administrator, pursuant to the instructions set forth in the Claim Form, in the same or substantially the same form of Exhibit 2 to this Agreement.

1.9    "Claim Deadline" means the last date by which a Claim submitted to the Settlement Administrator by a Settlement Class Member for Claim Settlement Relief must be postmarked or submitted online, which shall be forty-five (45) days after the Mail Notice Deadline or the date of the Final Approval Hearing, whichever is later, or as the Bankruptcy Court may otherwise direct.  All Claims postmarked or submitted online on or before the Claim Deadline shall

be timely and all Claims postmarked after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Relief.

1.10    "Claim Form" means the form provided on the Settlement Website, in the same or substantially the same form as Exhibit 2.

1.11    "Claim Type 1" (designated "Reimbursement Claim") means the Claim Settlement Relief available to Settlement Class Members who made a payment or payments of discharged debt on an Affected Account to Capital One or a Debt Buyer to whom the Affected Account was sold.

1.12    "Claim Type 2" (designated "Distribution Claim") means the Claim Settlement Relief available to Settlement Class Members who suffered or are alleged to have suffered an injury, adverse impact, or harm resulting from Capital One's credit furnishing on their Affected Account from and after the date the Settlement Class Member received a Chapter 7 bankruptcy discharge.

1.13    "Claim Settlement Relief" means the cash payments to be made to Settlement Class Members who are entitled to relief under this Settlement Agreement.

1.14    "Class" means the collective group of those individuals (i) who maintained a Credit Card Account; (ii) whose debt related to a Credit Card Account was charged off and then sold to a Debt Buyer on or after January 1, 2008, and (iii) who post-sale sought and obtained a discharge as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, through and including March 22, 2016.

1.15    "Class Counsel" means, collectively, all counsel of record representing the Class Representative in the Action.

1.16    "Class Member" or "Member of the Class" means a natural person who is a member of the Class according to the Class definition herein.

9

1.17     "Class Representative" means Orrin Anderson, the named plaintiff and proposed class representative in the Action.

1.18     "Co-Borrower" means a joint borrower or obligor on an Affected Account with another borrower Class Member.

1.19     "Complaint" and "Amended Complaint" refer to the Class Action Complaints filed by the Class Representative in the Action.

1.20     "Consumer Credit Report" refers to an individual's credit report as issued by any of the Credit Reporting Agencies.

1.21     "Credit Card Account" means an open-end, credit card account issued by Capital One, governed by United States domestic law, under which a consumer obtained credit primarily for personal, family, or household purposes.

1.22     "Credit Reporting Agency" or "Credit Reporting Agencies" refers to TransUnion, Experian, and Equifax, individually and collectively.

1.23     "Debt Buyer" refers to an entity whose primary business purpose is to purchase defaulted debt, including consumer credit card debt, with the intent to pursue collection of the debt.

1.24     "Defendant" refers to Capital One Bank (USA), N.A.

1.25     "Defense Counsel" means Defendant's counsel of record in the Action.

1.26     "Effective Date" means the date when all of the conditions set forth in section 2 of this Agreement have occurred, provided, however, that Defendant has not exercised its right of termination under   section 13 of this Agreement.

1.27     "Final" means five (5) business days after the latest of: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; and (iii) if no appeal is filed, the expiration date of the time  for

the filing or noticing of any form of valid appeal or writ review from the Judgment. If the Judgment is set aside, modified, or overturned by any court, including on appeal, and is not fully reinstated on appeal, the Judgment shall not become final.

1.28    "Final Approval Hearing" means a hearing set by the District Court to take place on or about the date which is thirty (30) days after the Objection Deadline and Opt-Out Deadline. The purposes of the hearing shall be:

(i)    Determining the fairness, adequacy, and reasonableness of the Agreement and associated settlement pursuant to class action procedures and requirements;

(ii)    Determining the good faith of the Agreement and associated settlement; and

(iii)    Entering Judgment.

1.29    "Final Approval Order" means the same as Order of Final Approval.

1.30    "Incentive Award" means an incentive payment made to the Class Representative pursuant to paragraph 15.6 of this Agreement.

1.31    "Judgment" means the Final Approval Order and judgment to be rendered by the District Court pursuant to this Agreement, in the form attached hereto as Exhibit 4, or in a similar form without material changes thereto.

1.32    "Long Form Notice" means the Notice that shall be made available on the Settlement Website, and that Class Members may request in hard copy from the Settlement Administrator, in the same or substantially the same form as Exhibit 1b to this Agreement and/or as ultimately approved by the Bankruptcy Court.

1.33    "Mail Notice" means the Notice that is mailed by the Settlement Administrator to potential Settlement Class Members, in the same or substantially the same form as Exhibit 1a to this Settlement Agreement and/or as ultimately approved by the Bankruptcy Court.

1.34    "Mail Notice Deadline" means the date by which the Mail Notice must be mailed to individuals on the Notice List, and shall be forty-five (45) days after the entry of the Preliminary Approval Order or as the Bankruptcy Court may otherwise direct.

1.35    "Notice" or "Class Notice" means both the Mail Notice and Long Form Notice (and associated response forms) to be approved by the Bankruptcy Court.

1.36    "Notice Approval Date" means the date of the Preliminary Approval Order when the Bankruptcy Court approves the Notice.

1.37    "Notice List" means a list, to be treated as Confidential pursuant to the terms of the Protective Order, listing the names and addresses of all Class Members, as prepared by Capital One.

1.38    "Objection Deadline" means the date identified in the Preliminary Approval  Order and Class Notice by which a Settlement Class Member must serve written objections to the Settlement in accordance with section 12 of this Agreement, if any, to be able to object to the Settlement.  The Objection Deadline shall be sixty (60) days after the Mail Notice Deadline and no later than thirty (30) days prior to the Final Approval Hearing, or as the Bankruptcy Court may otherwise direct.

1.39    "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request to Opt Out must be received in writing by the Settlement Administrator in accordance with section 11 of this Agreement in order for a person who would otherwise fall within the definition of Settlement Class to be excluded from the Settlement Class.

The Opt-Out Deadline shall be sixty (60) days after the Mail Notice Deadline and no later than thirty (30) days prior to the Final Approval Hearing, or as the Bankruptcy Court may otherwise direct.

1.40    "Order of Final Approval," "Final Approval Order," or "Order Granting Final Approval of Settlement" shall mean an order to be entered and filed by the District Court entitled "Final Judgment and Order of Dismissal with Prejudice," substantially in the form attached hereto as Exhibit 4, or in a similar form without material changes thereto.

1.41    "Participating Claimant" means each Settlement Class Member who submits a Qualifying Claim Form.

1.42    "Parties" means the Class Representative, on behalf of himself and all Members of the Settlement Class, and Capital One.

1.43    "Preliminary Approval Order" shall mean an order to be executed and entered by the Bankruptcy Court entitled "Order Preliminarily Approving Settlement and Providing for Notice" substantially in the form attached hereto as Exhibit 3, or in a similar form without material changes thereto.

1.44    "Protective Orders" shall mean the Stipulated Protective Order entered in the Action by the Honorable Robert D. Drain on or about April 20, 2016 and the Stipulated Protective Order entered in the Anderson Bankruptcy by the Honorable Robert D. Drain on or about September 24, 2015.

1.45    A "Qualifying Claim Form" means a Claim Form that is: (a) fully completed and properly executed showing the Participating Claimant is entitled to Claim Settlement Relief; (b) timely returned to the Settlement Administrator; (c) validated by the Settlement Administrator

13

pursuant to the procedures set forth in this Agreement; and (d) not successfully objected to pursuant to the procedures set forth in this Agreement.

1.46    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the United States Bankruptcy Code, the Fair Credit Reporting Act, or state unfair trade practice laws, that in any way concern, arise out of, or relate to: (1) the information Capital One furnished or did not furnish for an Affected Account to any Credit Reporting Agency at or after the time of the sale to any Debt Buyer and/or Capital One's alleged failure to request a change to information on a Tradeline for the Affected Account or to furnish additional information to Credit Reporting Agencies following a bankruptcy filing or discharge order; (2) Capital One's acceptance, processing, or forwarding to a Debt Buyer any payments on or with respect to a discharged debt on an Affected Account or; (3) the claims and allegations in the Complaint or the Amended Complaint, including any claim or allegation that the Tradeline for an Affected Account (a) violated a bankruptcy court order, (b) constituted collection activity in violation of a court order, (c) coerced or pressured a Class Member to make a payment of a discharged debt on an Affected Account to any person or entity following a bankruptcy filing or discharge, and/or (d) harmed or injured a Class Member following a bankruptcy filing or discharge order. Released Claims also

include any allegation that Capital One or any Releasee conspired with, aided and abetted, or otherwise acted in concert with any other Releasee, or other third parties, including, but not limited to Debt Buyers, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct, or business practices within the scope of these Released Claims.

1.47    "Releasees," "the Releasees" or "the Released Parties" means each of (1) Capital One; (2) each of Capital One's past, present or future subsidiaries, parent companies, divisions, affiliates, partners, or any other organizational units of any kind doing business under their names, or doing business under any other names, or any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and each and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors, and assigns; and (3) each of the present and former officers, directors, partners, shareholders, agents, employees, attorneys (including any consultants hired by counsel), advisors, trustees and co-trustees, investment advisors, associates, investment bankers, independent contractors, representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns of any person or entities in subparts (1) or (2) hereof.

1.48    "Releasors" means the Class Representative, all Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.

1.49    "Request to Opt Out" means the written request from a Class Member who seeks to be excluded from the Settlement Class and that complies with the requirements set forth in section 11 of this Agreement.

1.50    "Settlement" means the settlement terms set forth in this Agreement.

1.51    "Settlement Administrator" means Brown Greer, PLC which will help implement and effectuate the terms of this Settlement Agreement.

1.52    "Settlement Class" means the collective group of all of the Class Members who do not properly and timely exclude themselves from the Settlement, and thus means the collective group of all of the Class Members who will become bound by the Judgment when the Effective Date occurs.

1.53    "Settlement Class Member" or "Member of the Settlement Class" means any person who is a member of the Settlement Class.

1.54    "Settlement Fund" means the 10.5 million dollars ($10,500,000.00) that Capital One shall pay pursuant to section 3 of this Agreement.

1.55    "Settlement Website" means the website to be established by the Settlement Administrator as set forth in section 7 of this Agreement.

1.56    "Tradeline" means a segment of a credit report issued by a Credit Reporting Agency reflecting the account history between a consumer and creditor regarding a specific account.

1.57    "Unknown Claims" mean any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her, might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representative shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the fullest extent allowed

by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

## 2.    Conditions and Effectiveness of Agreement

2.1    This Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.  The Effective Date of this Settlement Agreement shall be the date when all of the following listed below shall have occurred.

2.2    The Parties have signed the Agreement.

2.3    CAFA (Class Action Fairness Act).  This Settlement shall be administered as if governed by 28 U.S.C. § 1715.    Defendant shall be responsible for providing the notice to government officials under that statute but in no event shall the Final Approval Hearing take place

prior to the provision of effective notices and the expiration of the statutory time.   The Final Approval Order shall make a finding that 28 U.S.C. § 1715 was fully complied with.

2.4   <u>Court Approval</u>.   The Bankruptcy Court and District Court shall approve this Settlement Agreement in accordance with the following steps:

2.4.1   <u>Motion for Preliminary Approval</u>.   After good faith consultation with Defendant's Counsel, Class Counsel will present a Motion for Preliminary Approval to the Bankruptcy Court within twenty (20) days of execution of this Settlement Agreement, including the Class Notice, in the same or substantially the same form as Exhibits 1a and 1b hereto, and the Preliminary Approval Order, in the same or substantially the same form as Exhibit 3 hereto.

2.4.2   <u>Certification of Class for Settlement Purposes</u>.   In connection with the proceedings for Preliminary and Final Approval, the Class Representative shall seek orders (Preliminary and Final, respectively) certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

2.4.3   <u>Entry of Preliminary Approval Order</u>.   The Bankruptcy Court shall enter a Preliminary Approval Order in the same or substantially the same form as Exhibit 3 attached hereto, which shall among other things:

a.   Preliminarily certify the proposed Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

b.   Preliminarily approve this Agreement as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure subject to final determination by the District Court;

c.  Approve the appointment of the Class Representative as representative of the Class for the Settlement and the appointment of Class Counsel as counsel for the Class for the Settlement;

d.  Approve the Class Notice in the same or substantially the same form as Exhibits 1a and 1b;

e.  Direct the Settlement Administrator, promptly after entry by the Bankruptcy Court of the Preliminary Approval Order, to mail the Mail Notice to each individual on the Notice List by first-class mail;

f.  Establish a procedure for Members of the Class to exclude themselves and set a date after which no Member of the Class shall be allowed to opt out of the Settlement and shall be bound to the terms of the Settlement;

g.  Establish a procedure for Settlement Class Members to appear and/or object to the Settlement and set a date after which no Settlement Class Member shall be allowed to object;

h.  Require any attorneys representing Settlement Class Members, at the Settlement Class Member's expense, to file a notice of appearance;

i.  Stay all proceedings in the Action against Defendant, other than proceedings as may be necessary to carry out the terms and conditions of this Settlement Agreement;

j.  Stay all proceedings in the Anderson Bankruptcy, if any, other than proceedings as may be necessary to carry out the terms and conditions of this Settlement Agreement;

k.  Pending Final approval, and upon expiration of the Opt-Out Deadline, preliminarily enjoin each Settlement Class Member from maintaining, commencing, prosecuting,

or pursuing directly, representatively, or in any other capacity any Released Claim  subsumed and

covered by the Release in this Settlement Agreement in any court or arbitration forum;

l.    Contain such other and further provisions consistent with the terms and

provisions of this Settlement Agreement as the Bankruptcy Court may deem advisable; and

m.    Authorize the Parties to take all necessary and appropriate steps to  establish

the means necessary to implement the terms of this Settlement Agreement.

2.5    <u>Motion to Withdraw the Reference</u>.  Within seven (7) days of the entry of the

Preliminary Approval Order by the Bankruptcy Court, the Parties shall file a joint motion to

withdraw the reference in the District Court, so that the District Court may schedule and conduct

the Final Approval Hearing. The District Court shall grant the motion to withdraw the reference

to consider and approve the Settlement in accordance with Rule 23(c) of the Federal Rules of Civil

Procedure.

2.6    <u>Class N</u>otice.  The Settlement Administrator shall cause the Mail Notice to be mailed

pursuant to the Preliminary Approval Order and the terms of this Agreement, and shall make the

Long Form Notice available on the Settlement Website and available by request in hard copy.

Capital One represents and warrants that the list of Class Members to be provided to the Settlement

Administrator and to whom the Notice is to be sent is a complete and accurate list of Class Members

to the best  of its knowledge and which number is estimated to be 817,614.

2.7    <u>Order of Final Approval and Judgment</u>.  The District Court shall enter the Order of

Final Approval in the same or substantially the same form as Exhibit 4, which shall among other

things:

a.    Find that (i) the District Court has personal jurisdiction over the Settlement Class Members, (ii) the District Court has subject matter jurisdiction over the claims asserted in the Action, and (iii) venue is proper;

b.    Finally approve the Settlement;

c.    Finally certify the Settlement Class for settlement purposes only;

d.    Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution and CAFA, and find that the Parties and procedures used complied with federal law so as to give full effect to the Settlement;

e.    Enter Judgment with respect to the Released Claims of all Settlement Class Members and dismiss the Released Claims with prejudice;

f.    Close the Action;

g.    Make the Releases in section 10 of this Agreement effective as of the Effective Date;

h.    Permanently bar and enjoin the Class Representative and all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action, case, or proceeding in any jurisdiction for the Released Claims;

i.    Permanently bar and enjoin the Class Representative and all Settlement Class Members from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or

21

counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims);

j.    Find that, by operation of the entry of the Judgment, the Class Representative and all of the Settlement Class Members shall be deemed to have forever released, relinquished, and discharged the Released Parties from any and all Released Claims;

k.    Authorize the Parties to implement the terms of this Settlement Agreement;

l.    Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Judgment, and for any other necessary purpose; and

m.    Issue orders to effectuate the Final Approval of the Settlement and its implementation.

2.8    <u>No Injunctive Relief</u>.    The Final Approval Order and Judgment shall not provide for any injunctive relief against Defendant.

2.9    <u>Finality of Judgment</u>.    The Order of Final Approval shall become Final, upon expiration of the time for filing any appeal from or other form of objection to that Order, and, if applicable, the full and final resolution of any appeal or other form of objection that may be filed through an appeal, *en banc* hearing, or higher level of review.

**3.    <u>Settlement Consideration</u>**

3.1    In consideration for the Releases set forth in section 10 of this Agreement, Capital One will provide the following benefits.

3.2    <u>Representations and Prospective Obligations</u>.

3.2.1    Capital One represents and warrants that since December 2015, Capital One has asked the Credit Reporting Agencies to delete Tradelines of sold debt, including for the Affected

Accounts it had identified at that time. Capital One has confirmed that these deletions have been regularly occurring. Capital One applied this policy retroactively and asked the Credit Reporting Agencies to delete the existing Tradelines for Credit Card Accounts with previously sold debt. The Class Representative on behalf of himself and the Settlement Class agrees that the Credit Reporting Agencies are separate entities from Capital One and that Capital One does not and cannot guarantee, warrant, or take responsibility for the performance of the Credit Reporting Agencies with respect to changing, deleting, suppressing, reinstating, or making entries regarding any information previously reported to them by Capital One concerning an Affected Account.

3.2.2    Capital One represents and warrants that, with the exception of the process provided for in Paragraph 3.2.4, and absent a change in law or reinstatement request from the government, Capital One will not ask the Credit Reporting Agencies to reinstate the Tradelines associated with the Settlement Class Members' Affected Accounts.

3.2.3    Capital One represents and warrants that if a Settlement Class Member identifies that Capital One's Tradeline associated with the Settlement Class Member's Affected Account continues to appear on the Settlement Class Member's Consumer Credit Report from one or more of the Credit Reporting Agencies, and provides written notice to Defendant's Counsel that the Tradeline has not been deleted, Capital One will make one final request to the Credit Reporting Agency (or Agencies) that it (or they) delete the subject Tradeline.

3.2.4    Notwithstanding the agreements in this section, if a Settlement Class Member requests reinstatement of the Tradeline associated with his or her Affected Account, and less than seven years has passed since the date of first delinquency on that account, Capital One will request that the Credit Reporting Agency or Agencies reinstate the Tradeline as the Credit Reporting Agency or Agencies had reported it immediately prior to the filing of the Action.  To be effective,

any such request to reinstate a Tradeline must be submitted through the designated claim form, signed by the Class Member, mailed to the Class Settlement Administrator, and post-marked no later than the Claim Deadline. Capital One is responsible only for making the request and is not responsible for whether the Credit Reporting Agency or Agencies act on the request or subsequently reinstate the Tradeline in its prior or an altered form.

3.2.5    From the Effective Date until November 1, 2021, absent any change in federal or state law or contrary direction or expectation from any government regulator, Capital One will, after the sale of charged off debt relating to a Credit Card Account request that the Credit Reporting Agencies delete or suppress the Capital One Tradeline for that account after information about the sale is furnished.

3.2.6    If, after the date of the execution of this Settlement Agreement, a federal or state court, legislative body, agency, or regulator (including but not limited to the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, or an Attorney General), issues a law, rule, regulation, judgment, order, bulletin, or guidance of any kind that imposes a legal requirement to furnish information to the Credit Reporting Agencies regarding: (a) Affected Accounts; or (b) Credit Card Account debt sold after the date of the execution of this Settlement Agreement in a manner inconsistent with terms of this Settlement Agreement ("Legal Requirement"), Capital One shall be in full compliance with and not in breach of any obligation set forth herein if it complies with the Legal Requirement. The term Legal Requirement includes guidance received by Capital One directly from the agency or regulator in the supervisory process.

3.2.7    Capital One shall have no liability or responsibility for: (a) the action, or failure to act, of any Credit Reporting Agency; or (b) for bona fide errors which Capital One takes reasonable action, as set forth herein, to try to cure.

3.2.8    Nothing in this Settlement Agreement is an admission either about Capital One's current or past practices, or an admission that the terms are mandated by law or other requirement.

3.2.9    The agreements set forth in this section shall not operate as an injunction or otherwise provide any Class Member or governmental official or agency, or any other person or entity with any right or power to seek direct enforcement of its terms, except a Member of the Settlement Class may seek relief from the District Court as to a breach of the terms of the Settlement Agreement.

3.2.10    Anderson represents and warrants that, following the closure of the Anderson Bankruptcy case, Anderson will not consent to the reopening of his bankruptcy case for any purpose related to this Action or his Capital One Tradeline. Anderson represents and warrants that neither he nor Class Counsel is aware of any claims other than those alleged in the Complaint or the Amended Complaint that he or the Class Members may have against Capital One, including without limitation those arising out of furnishing credit information or the status or handling of debt from Credit Card Accounts following a sale to a Debt Buyer.

3.3    Settlement Monetary Consideration.

3.3.1    Within 10 days of the Bankruptcy Court entering the Preliminary Approval Order, Capital One will fund the Settlement Fund by depositing into an escrow account, the terms of which shall be subject to Capital One's approval, the sum of $1,000,000.00 (1 million U.S. dollars) for the purpose of making funds available for the Settlement Administrator to provide Notice.  Within thirty (30) days of the Effective Date, Capital One will fund the remainder of the Settlement Fund for a total sum of $10,500,000.00 (10.5 million U.S. dollars), including credit for the amounts set forth above and described in Section 5 below. There shall be no reverter of any part of the Settlement Fund after the Effective Date, but, in the event of termination of the Settlement Agreement, any

amounts in the Settlement Fund that are not needed to compensate the Settlement Administrator for work performed prior to termination shall revert to Capital One. Except as set forth in the paragraph below, the Settlement Fund shall be used to pay Participating Claimants.

3.3.2    The costs associated with Notice, Claims, and the administration of the Settlement, and/or bank-related fees and costs associated with the Settlement Administrator's distribution of payments to Participating Claimants, shall be invoiced by the Settlement Administrator and paid from the Settlement Fund. The costs associated with Notice shall be invoiced prior to the Final Approval Hearing and, subject to Class Counsel's approval, the Settlement Administrator shall obtain this amount from the Settlement Fund to pay for such costs. If Class Counsel does not approve, Class Counsel will raise the issue with the District Court at the Final Approval Hearing.

3.3.3    Within fourteen (14) days after the Effective Date, the Settlement Administrator will provide to Class Counsel and Capital One a detailed statement of the remaining costs that have been and will be incurred, including for generating and disbursing checks to Participating Claimants entitled to a payment under the Settlement Agreement. Within thirty (30) days of the Effective Date and subject to Class Counsel's approval, the Settlement Administrator shall obtain this amount from the Settlement Fund to pay for such costs. If Class Counsel does not approve, Class Counsel will raise the issue with the District Court immediately.

3.3.4    The total expenses associated with Notice, Claims, and administration, including without limitation those set forth in section 4 of this Agreement and any approved costs or expenses for class counsel, shall not increase the amount paid by Capital One in connection with the Settlement under any circumstances. All such expenses and payments therefore shall come from the Settlement Fund, and Capital One's only payment obligation is to fund the Settlement Fund.

## 4. __Qualified Settlement Fund__

4.1    The Settlement Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

4.2    Upon or before establishment of the QSF, the Settlement Administrator shall  apply for an employer identification number for the QSF utilizing Internal Revenue Service  Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Capital One with that employer identification number on a properly completed and signed IRS Form W-9.

4.3    If requested by either Capital One or the Settlement Administrator, the Settlement Administrator and Capital One shall fully cooperate in filing a relation-back election under Treasury Regulation § 1.468B-1 (j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

4.4    Following its remittances of the Settlement Fund monies as described in  paragraph 3.3.1 of this Agreement, Capital One shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of claims and opt out letters, the allowance or disallowance of claims by Class Members, payments to Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and any other taxes, penalties, interest or other charges related to taxes imposed on the QSF or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the  QSF, since it is agreed that such remittances shall fully discharge Capital One's obligation to the Class Representative, Settlement Class

Members, Class Counsel and expenses of administration with respect to the disposition of the Settlement Fund.

4.5    The Settlement Administrator shall file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement or understanding with the Settlement Administrator relating to the QSF shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder.

**5.    <u>Payments from the Settlement Fund and Claims Process</u>**

5.1    The Notice shall make clear that Participating Claimants are eligible to obtain a separate Claim Type 1 and Claim Type 2 payment, pursuant to the procedures outlined below.

5.2    <u>Claims Process for P</u>ayments. Following the payments made pursuant to paragraphs 3.3 above and 15.6 below, and the coverage of all the other expenses of Notice, Claims, and administration set forth herein or otherwise incurred, and any approved fees or expenses of class counsel, the remaining funds in the Settlement Fund shall be disbursed to Participating Claimants who submit a Qualifying Claim Form for Claim Type 1 and/or, if funds remain after paying Claim Type 1 claims, Claim Type 2 pursuant to the terms in this section. Settlement Class Members may submit claims for both Claim Type 1 and Claim Type 2 relief. The Notice shall make clear that

Participating Claimants are potentially eligible to obtain separate Claim Type 1 and Claim Type 2 payments, pursuant to the procedures outlined below.

5.2.1    Settlement Class Members shall submit a claim for Claim Settlement Relief in the following ways: (1) Settlement Class Members may complete, sign, and mail (either through posting with the United States Postal Service or through a private mail carrier, such as United Parcel Service or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form, along with any required verification documents, to the Settlement Administrator to be received no later than the Claim Deadline (a written Claim Form will be available on the Settlement Website for Settlement Class Members to download or print out, complete, and mail to the Settlement Administrator pursuant to this section); (2) Settlement Class Members may submit their Claim Forms by uploading scanned copies of the completed and signed Claim Form, along with any required verification documents to the Settlement Website, *provided however*, for those Claim Forms requiring verification documents, by the Claim Deadline the Claimant must also upload scanned copies of those verification documents to the Settlement Website, with the appropriate claim number to associate the upload with the completed Claim Form; or (3) Settlement Class Members may complete their Claim Form online within the Settlement Website by the Claim Deadline, utilizing an electronic signature format, *provided however*, for those Claim Forms requiring verification documents, by the Claim Deadline the Claimant must also upload scanned copies of those verification documents to the Settlement Website, with the appropriate claim number to associate the upload with the completed Claim Form.  Any Settlement Class Member who does not submit via mail, upload, and/or online submission, a completed Claim Form and any necessary verification documents by the Claim Deadline shall be deemed to have waived any claim to Claim Settlement Relief, but shall otherwise be bound by this Agreement,

including the Releases. Any Claim Form submitted after the Claim Deadline will be rejected but
the submitting Settlement Class Member shall otherwise be bound by this Agreement, including
the Releases.

5.2.2   Claim Type 1 (Reimbursement Claim).

a.      Claim Type 1 (also referred to as a "Reimbursement Claim") is available to Settlement
Class Members who made a payment or payments of a discharged debt to Capital One or to a
Debt Buyer to whom a Capital One Affected Account was sold. Claim Type 1 is not available,
however, for payments made by a trustee or made pursuant to a court-approved plan.  Claim Type
1 is also not available for Class Members who cashed a check under the Capital One Post Sale
Payment Refund Administration Program, so long as that check fully compensated the Class
Member for the payment or payments he or she made of a discharged debt. Three hundred and
eighty-six (386) potential Settlement Class Members cashed such checks in the aggregate amount
of $210,092.04 (the "Refund Program Amount"). Capital One will provide a list of such
consumers to the Settlement Administrator and the amounts paid to each consumer, and the
Settlement Administrator will ensure that no Class Member receives compensation for a payment
or payments of a discharged debt if he or she already received payment pursuant to the Capital
One Post Sale Payment Refund Administration Program. Class Members shall have the right to
submit documentation demonstrating that they are entitled to payment in excess of that received
pursuant to the Capital One Post Sale Payment Refund Administration Program. The Refund
Program Amount shall be credited against the Settlement Fund as if the Refund Program Amount
had been funded through and paid by the Settlement Fund.

b.      To receive a payment under Claim Type 1, a Settlement Class Member must
fully complete, execute, and submit, per the instructions therein, the form entitled  "Claim Form,"

including the portion of the form designated "Reimbursement Claim." The Claim Form will be made available on the Settlement Website and, upon request, from the Settlement Administrator. Per the instructions on the Claim Form, the Settlement Class Member must, subject to penalty for perjury:

- confirm he or she is a Member of the Class;

- confirm the amount(s), date(s), and recipient(s) of his or her payment(s) of a discharged debt on his or her Affected Account;

- confirm the payment(s) were not refunded or returned to the Settlement Class Member or a Co-Borrower on the Affected Account;

- provide documentation supporting the claim in the form of cancelled checks, account statements, or similar proof, and swear that the documentation provided is original or a true and correct copy; and

- identify any Co-Borrower(s) on the Affected Account and confirm whether any settlement payment should be made payable jointly with the Co-Borrower(s).

c.    Each Settlement Class Member who submits a Qualifying Claim Form demonstrating entitlement to a payment under Claim Type 1, including documentation of payments made, as determined by and in the sole discretion of the Settlement Administrator, shall be eligible to receive an award payment from the Settlement Fund.

d.    After deducting (i) the payment of the Incentive Award from the Settlement Fund, (ii) the payment of approved Class Counsel fees, and (iii) costs relating to notice, settlement administration, and claims reconciliation, the remaining funds in the Settlement Fund shall be disbursed to Settlement Class Members who submit a Qualifying Claim Form for Claim Type 1 and become Participating Claimants. If the total amount of Claims submitted by Participating Claimants who submit a Qualifying Form for Claim Type 1 exceeds the remaining funds in the Settlement Fund, the Participating Claimants who submit a Qualifying Claim Form for Claim Type 1 shall each receive their *pro rata* share of the remaining funds in the Settlement Fund (based on the amount of their Claim as a share of total remaining Settlement Funds).

e.    Within thirty (30) days of the Effective Date, the Settlement Administrator shall make payments from the Settlement Fund to the Participating Claimants who submit a Qualifying Claim Form for Claim Type 1 by a check made payable jointly to any and all Co-Borrowers on the Affected Account associated with the payment.

5.2.3    Claim Type 2 (Distribution Claim).

a.    To receive a payment under Claim Type 2 (also known as a "Distribution Claim"), a Settlement Class Member must fully complete, execute, and submit, per the instructions therein, the form entitled "Claim Form," including the portion of the form designated "Distribution Claim." The Claim Form will be made available on the Settlement Website and, upon request, from the Settlement Administrator.

b.    Within seven (7) days after deducting payments to Participating Claimants who submit a Qualifying Claim Form for Claim Type 1, the Settlement Administrator shall distribute payments from the Settlement Fund (if any funds remain) to those Participating Claimants who submit a Qualifying Claim Form for Claim Type 2. The Participating Claimants

who submit a Qualifying Claim Form for Claim Type 2 shall each receive a *pro rata* share of the remaining funds in the Settlement Fund.

   c.  In providing benefits under this section, checks shall be issued on a "per borrower" basis and no Participating Claimant who submits a Qualifying Claim Form for Claim Type 2 shall be entitled to more than one Claim Type 2 payment.

  5.3 <u>Claim Review and Deficiency Process</u>. Following Final Approval of the Settlement or such earlier time as the Parties agree, the Settlement Administrator shall confirm that each Claim Form submitted was facially valid, in that it is in the form required, that each Claim Form includes the required affirmations and information, that each Claim Form was submitted in a timely fashion, that the claimant is a Member of the Settlement Class, and that the Claim otherwise meets the requirements of this Settlement Agreement. Full compliance with the requirements of the terms of this Settlement Agreement and the Claim Form shall be necessary for the submission of a valid Claim, and the failure to comply with any of these requirements shall invalidate the submitted Claim. All such claim requirements shall be strictly enforced. Any Settlement Class Member's failure to provide any of the required information shall result in the claim being deemed invalid. Claim Forms that do not meet the requirements as set forth in this Settlement Agreement and in the Claim Form instructions shall be rejected. A failure to meet the requirements as set forth in this Settlement Agreement and in the Claim Form instructions shall include but not be limited to any failure to provide complete and accurate information, any failure to make the required representations and attestations, any failure to provide required supporting documentation, any failure to fully execute the Claim Form, and any failure to timely submit the Claim Form. The Settlement Administrator shall have the authority to determine whether the submission of a Claim Form is complete and timely. The Settlement Administrator's determinations in this regard shall

be final and non-appealable. Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that Claim Type 1 or 2 but shall in all other respects be bound by the terms of this Agreement and by the Order of Final Approval entered in the Action. No person shall have any claim against Defendant, Defendant's counsel, the Class Representative, Class Counsel, or the Settlement Administrator based on any eligibility determinations made in accordance with the Agreement. The Settlement Administrator shall promptly send a notice to any claimant that submitted a deficient Claim, identifying the deficiency. To be considered, any revised Claim or attempted cure of a Claim must be received by the Settlement Administrator within forty-five (45) days of the date of sending the original notice of deficiency.

5.4    The Settlement Administrator shall pay each Participating Claimant his or her respective payment according to the terms, conditions, and procedures set forth in this Agreement. Each Participating Claimant must properly and timely submit a Qualifying Claim Form in order to be eligible to receive a payment under this Paragraph.

5.5    Remaining Funds, Redistribution and Cy Pres. The amounts of any checks that remain uncashed more than 120 days after the date on the check will be redistributed on a *pro rata* basis to those Settlement Class Members who cashed their Claim Type 1 or Claim Type 2 check payment, if, after consideration of costs of administration, the redistribution is economically feasible, as reasonably determined by Class Counsel. Any funds remaining in the Settlement Fund following such redistribution shall be distributed through a residual *cy pres* program. The recipients of any payments made pursuant to a *cy pres* distribution shall be Local Initiatives Support Corporation (LISC) (30%); the School for Social Welfare of the State University of New York at Albany (25%); the National Consumer Bankruptcy Rights Center (25%); GreenPath

34

Financial Wellness (15%); and Neighborhood Trust Financial Partners (5%). Any residual *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution of Claim Type 2 payments to Settlement Class Members.

5.6     For each payment made pursuant to this Settlement, the Settlement Administrator may report each payment to government authorities including the Internal Revenue Service as required by law. To the extent required by law, the Settlement Administrator further will issue a Form 1099 to each Participating Claimant. Participating Claimants shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Agreement. Defendant makes no representations and it is understood and agreed that Defendant has made no representations as to the taxability of any portions of the settlement payments to any Participating Claimants, the payment of any costs or an award of attorney fees, or any payments to the Class Representative. The Notice will advise Class Members to seek their own tax advice prior to acting in response to the notices, and the Class Representative and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the notices.

5.7     The Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the determination, administration, calculation, investment, allocation, distribution, or payment of award amounts or claims, the payment or withholding of taxes, or any losses incurred in connection therewith. No person shall have any claim against the Releasees, Class Counsel or any other agent designated pursuant to this Agreement based upon the distributions made substantially in accordance with this Agreement or any order of Court.

6.    **Retention and Duties of Settlement Administrator**

6.1    The Settlement Administrator shall administer the Settlement pursuant to the terms of this Agreement. The Settlement Administrator shall be responsible for Mail Notice (including data standardization and de-duplication of the Notice List, updating addresses through National Change of Address (NCOA) system, reasonable efforts to update addresses for undeliverable notices, and printing and mailing the Mail Notice), processing Claims, evaluating documentation for claims including Claim Type 1 claims, status reporting, creating and hosting a settlement website able to accept online filing for online Claim Forms, deploying and operating an automated toll-free contact center, including Interactive Voice Response (which does not provide a live operator) to obtain documents and answer questions, and disbursing the Settlement Funds including payments for Participating Claimants. The Settlement Administrator shall have the authority to request from any Participating Claimant an IRS Form W-9 if the Settlement Administrator, in its reasonable judgment, deems it necessary to do so before issuing a payment to that Participating Claimant.  Class Counsel may direct the Settlement Administrator to assist with various additional administrative tasks in implementing the Settlement as Class Counsel shall deem appropriate in their sole discretion. The Settlement Administrator shall also be responsible for additional tasks the Parties jointly agree are necessary to accomplish administration of the Settlement. However, all requests for payment for prior and future work and costs incurred by the Settlement Administrator shall be invoiced and approved by Class Counsel prior to the determination of pro rata shares to be paid to Participating Claimants, so that an appropriate determination of the correct pro rata amount can be made.

6.2    The Settlement Administrator shall not have any duties with respect to settlement administration apart from those expressly provided for in this Agreement.  For the avoidance of

doubt, Capital One shall not under any circumstances be responsible for any costs of the Settlement Administrator. All such costs shall be paid solely from the Settlement Fund.

6.3    Capital One will coordinate with the Settlement Administrator with respect to providing information for the Settlement Administrator to provide Mail Notice to the Settlement Class, as provided in this Settlement Agreement. This information shall be the names, last known mailing addresses, last known email addresses, truncated account numbers, and last known telephone numbers as such information is contained in Capital One's reasonably available computerized account records. Because the information about Settlement Class members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute a non-disclosure agreement and will take all reasonable steps to ensure that any information provided to it by Capital One will be used solely for the purpose of effecting this Settlement and otherwise shall comply with Capital One vendor and information security requirements. Any such information provided to the Settlement Administrator will not be provided to the Class Representative or Class Counsel. The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

6.4    The Settlement Administrator shall complete and provide to Capital One (with no expense to Capital One) any W-9 forms necessary for Capital One to fund the Settlement Fund and to otherwise implement this Settlement.

7.    **Notice to the Class and Settlement Website**

7.1    Subject to the Bankruptcy Court's approval, the form of Notice shall be in the same or substantially the same form as Exhibits 1a (the Mail Notice) and 1b (the Long Form Notice) attached hereto.

7.2    Within fourteen (14) days of the Bankruptcy Court's entry of the Preliminary Approval Order, Capital One shall provide the Settlement Administrator with the Notice List.  The Settlement Administrator shall treat the Notice List as Confidential pursuant to the terms of the Protective Orders and paragraph 6.3 of this Agreement. Class Counsel shall not be entitled to a copy of the Notice List.  Capital One represents and warrants that the Notice List includes all Class Members, to the best of its knowledge.

7.3    If, by entering an order approving the final form of the Notice, the Bankruptcy Court provides authorization to send the Mail Notice to the individuals on the Notice List, the Settlement Administrator will mail the Mail Notice to the individuals on the Notice List no later than the Mail Notice Deadline. The Agreement, Long Form Notice, and Claim Form shall be posted on the Settlement Website, as outlined in this section.

7.4    Following the mailing of the Mail Notice, the Settlement Administrator shall promptly provide Class and Defense Counsel with written confirmation of the mailing.

7.5    Unless the Settlement Administrator receives a Mail Notice returned from the United States Postal Service for reasons discussed below in this Paragraph, that Mail Notice shall be deemed mailed and received by the individual to whom it was sent five (5) days after mailing. In the event that subsequent to the first mailing of a Mail Notice, and prior to seven (7) days before the Opt-Out Deadline, the Mail Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement   Administrator

shall re-mail the Mail Notice to that address, and the Mail Notice will be deemed mailed at that point. The Mail Notice shall be deemed received by the individual once it is mailed for the second time. Nothing in this Paragraph shall be construed to extend the Opt-Out Deadline for any Class Member.

7.6    No later than the mailing of the Mail Notice, the Settlement Administrator shall establish the Settlement Website, which shall contain the Long Form Notice, this Agreement and its Exhibits, and Claim Forms. The Settlement Website shall remain open and accessible through the Effective Date. Settlement Class Members may complete, sign, and upload a scanned Claim Form to the Settlement Website, provided however, for those Claim Forms requiring verification documents, by the Claim Deadline the Claimant must also upload scanned copies of those verification documents to the Settlement Website, with the appropriate claim number to associate the upload with the completed Claim Form. Settlement Class Members shall also have the option of completing their Claim Form online within the Settlement Website utilizing an electronic signature format, provided however, for those Claim Forms requiring verification documents, by the Claim Deadline the Claimant must also upload scanned copies of those verification documents to the Settlement Website, with the appropriate claim number to associate the upload with the completed Claim Form. Settlement Class members shall also have the option of completing, signing, and mailing (either through posting with the United States Postal Service or through a private mail carrier, such as United Parcel Service or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form, along with any required verification documents, to the Settlement Administrator to be received no later than the Claim Deadline.

## 8.    <u>Covenants Not to Sue</u>

8.1    The Class Representative, on behalf of himself and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participating of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Releasees.

## 9.    <u>Representations and Warranties</u>

9.1    The Class Representative represents and warrants that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenants that he will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

9.2    The Class Representative represents and warrants that he has no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

9.3    The Parties, each on his or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own

judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement.  Each of the Parties assumes the risk of mistake as to facts or law.

**10.**   **<u>Releases</u>**

10.1   On the Effective Date, Releasors, including but not limited to the Class Representative, on their own behalf and on behalf of each Settlement Class Member, by operation of this Release and the Judgment set forth in the Order of Final Approval, shall hereby be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims and, without further action by any person or the District Court, will be deemed: (a) to have consented to dismissal of the Action and the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.  The Parties agree that the Releasees will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that in that event, the Releasees may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

10.2    The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release, that it is possible that unknown facts, losses or claims exist, and that known losses may have been underestimated in amount or severity. These possibilities were explicitly taken into account in connection with this Agreement. It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Agreement, fully, finally, and forever settle and release each and every one of the Releasees from each and every Released Claim.

10.3    Subject to District Court approval, in all circumstances, Settlement Class Members shall be bound by this Agreement and all of their Released Claims shall be dismissed with prejudice and released.

10.4    On the Effective Date, Releasors hereby release the Releasees from each and every Released Claim.

10.5    Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that are released pursuant to this Agreement.

## 11.    <u>Opt-Out Rights</u>

11.1    A Settlement Class Member who wishes to be excluded from the Settlement Class must do so in writing. In order to opt out, the Class Member must complete and send to the Settlement Administrator, at the address listed in the Class Notice and on the Settlement Website for this Settlement, a Request to Opt Out that is received no later than the Opt-Out Deadline, as specified in the Class Notice and Preliminary Approval Order. The Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates

a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action."    Mass or class opt outs shall be void.

11.2    Any Settlement Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class upon the expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and  judgments.

11.3    Any Settlement Class Member who desires to opt out must, in all circumstances, take timely affirmative written action pursuant to this section.

11.4    Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.5    The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

11.6    Notwithstanding the foregoing, a Class Member shall have the right to revoke a properly and timely submitted request for exclusion if a notice of the Class Member's election to revoke his or her exclusion is sent to the Settlement Administrator, postmarked on or before the Opt-Out Deadline.

## 12.    Objections

12.1    Overview.  Any Settlement Class Member may object to the Settlement.    To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2    Process.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and the Preliminary Approval Order.  The written objection must be filed with the District Court Clerk, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in section 19 of this Agreement), no later than the Objection Deadline.

12.3    The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include:

(a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

12.4    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12.5    Appearance.  Subject to approval of the District Court, any Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to  show cause why the proposed Settlement should not be approved as fair, adequate, and  reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the District Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention

to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

12.6    The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the District Court in connection with the Final Approval Hearing.

12.7    Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or to raise any objections.

## 13.    <u>Termination</u>

13.1    In the event that the Settlement set forth in this Agreement is not approved without changes by both the Bankruptcy Court and District Court or, if one of the conditions upon which the Agreement is based is not satisfied, or if the Bankruptcy Court or District Court determines that it lacks jurisdiction to approve the Settlement, or if there is a court order from another court that takes jurisdiction over some or all of the Claims, or if there is a regulator determination that frustrates the purpose of and protection of the Settlement, or in the event that the Effective Date does not occur, no payments shall be made by Capital One to anyone in accordance with the terms of this Agreement, the Parties will bear their own costs and fees with regard to the efforts to obtain Court Approval, and this Agreement shall be deemed null and void with no effect on the Action whatsoever. Reductions in the amount of the requested Attorneys' Fees and Expenses for Class Counsel shall not be deemed a substantial change necessitating termination of the settlement.

13.2    Failure of the Bankruptcy Court to enter the Preliminary Approval Order or the District Court to enter the Final Approval Order in its entirety or in a similar form without material changes thereto as determined by Capital One, Class Counsel and the Class Representative, will be

grounds for Capital One, Class Counsel or the Class Representative to terminate the Settlement and the terms of this Agreement. If any material portion of the Agreement or the Order of Final Approval is vacated, modified, or otherwise altered on appeal, Capital One, Class Counsel, or the Class Representative may, in their sole discretion, within fourteen (14) days of such appellate ruling, declare that the Agreement has failed to become effective, and in such circumstances the Agreement shall cease to be of any force and effect.

13.3    In the event that 2% or more of Class Members exclude themselves from the Settlement Class, Defendant shall have the absolute discretionary right to terminate the Settlement and this Agreement and, in such case, each and every one of Capital One's obligations under this Agreement shall cease to be of any force and effect, and this Agreement and any orders entered into in connection therewith shall be vacated, rescinded, cancelled, and annulled (except for any provision included in the Preliminary Approval Order substantially similar to Paragraph 24 of the Preliminary Approval Order attached as Exhibit 3). If Capital One exercises this option, the Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement. In addition, in such event, the Agreement and all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights of the Parties, and each of them, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or in any other proceeding. Capital One must exercise this option pursuant to this Paragraph at least fifteen (15) days prior to the Final Approval Hearing, by giving written notice of such exercise to Class Counsel.

13.4    If one of the Parties exercises a right herein to terminate or rescind this  Agreement or this Agreement is not approved by the District Court pursuant to the proposed Order of Final Approval, this Agreement, the conditional Class certification provided herein, the settlement

proposed herein (including any modifications made with the consent of the Parties), and any action

taken or to be taken in connection therewith shall be terminated and shall become null and void

and have no further force or effect, the Preliminary Approval Order shall be vacated (except for

any provision included in the Preliminary Approval Order substantially similar to Paragraph 24 of

the Preliminary Approval Order attached as Exhibit 3), the Parties shall be restored to their

respective positions existing prior to the execution of this Agreement, and the Parties' rights and

obligations with respect to the use of this Agreement and the Settlement contemplated hereby will

be subject to section 14 of this Agreement. In addition, neither this Agreement, the preliminary

certification of the Class, the Preliminary Approval Order, nor any other document in any way

relating to any of the foregoing, shall be relied on, referred to, or used by anyone in any way for

any purpose in connection with any further proceedings in this Action and/or any other action,

lawsuit, arbitration, or proceeding involving a Released Claim.

**14.**    **Certification of Settlement Class For Settlement Purposes**

14.1    After the Preliminary Approval Order and no later than fourteen (14) days before

the Final Approval Hearing, the Class Representative shall move for Final Approval of the

Settlement and entry of Final Judgment and shall request that the preliminary certification of the

Settlement Class for settlement purposes be made final.

14.2    If the Settlement is not granted final approval and the Final Approval Order is not

entered in substantially the form attached hereto as Exhibit 4, the certification of the above-

described Settlement Class shall be automatically vacated and shall not constitute evidence or a

binding determination that the requirements for certification of a class for any other purposes in this

or any other action can be or have been satisfied. In such circumstances, Defendant reserves and

shall have all rights to challenge certification of a Settlement Class or any other class for any other

purpose in the Action or any other action on all available grounds, as if no Settlement Class had been requested or certified.

**15.    Attorneys' Fees and Litigation Costs, Incentive Award**

15.1    It was negotiated and agreed that the Attorneys' Fees and Expenses, as well as the Incentive Award, referenced herein shall be paid from the Settlement Fund and that this term was negotiated for and agreed upon as a part of the agreement that was reached as to the consideration to be afforded to the Settlement Class.

15.2    Except as provided in paragraph 15.6 of this Agreement, Class Counsel may seek preliminary approval from the Bankruptcy Court and final approval from the District Court for an award of Attorneys' Fees and Expenses in the Action, which shall be paid from the Settlement Fund. Class Counsel has sole discretion in determining the amount of the Attorneys' Fees and Expenses for which it shall seek approval from the Bankruptcy Court. Capital One agrees to take no position on Class Counsel's motion for fees, so long as they are reasonable. Class Counsel agree that the amounts of such fees and expenses awarded shall compensate them for all legal work in the Action and in the Anderson Bankruptcy up to and including the date of Final Judgment, including any appeal of the Judgment, as well as for all legal work and costs that may be incurred in the Action or the Anderson Bankruptcy after the date of Final Judgment. The Settlement Administrator shall pay the Attorneys' Fees and Expenses allowed by the District Court in the Final Judgment from the Settlement Fund within thirty (30) days after the Effective Date.

15.3    The procedure for and the grant or denial or disallowance by the District Court of the application for Attorneys' Fees and Expenses is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and

Expenses or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement.

15.4    Within thirty (30) days after the Effective Date or entry of the order approving the application for attorneys' fees (whichever is later), the Settlement Administrator shall make payment from the Settlement Fund of the Attorneys' Fees and Expenses awarded by the District Court to Class Counsel, pursuant to payment instructions in writing from Class Counsel. In accepting this payment, the Class Representative, on behalf of himself and all Settlement Class Members, and Class Counsel acknowledge that the payment and method of payment under this Agreement are in full satisfaction of any and all claims, rights, and demands that Class Counsel, the Class Representative, or the Settlement Class had, have, or may claim to have in the future for attorneys' fees, costs, expenses, or any other payment in connection with this Action or this Agreement, up to the date of final judgment. Defendant shall have no responsibility for allocation or distribution of the award among Class Counsel, which shall be funded entirely out of the Settlement Fund.

15.5    Form 1099s for the payments to Class Counsel and the Class Representative will be filed by the Settlement Administrator. Class Counsel shall cooperate with the Settlement Administrator to provide all information necessary to process the payment including completing any requested tax forms (*e.g.,* IRS Form W-9 and applicable tax identification numbers). Neither the Settlement Administrator nor Capital One shall have any responsibility for, or any liability whatsoever with respect to any tax obligations or any allocation among the Class Representative and Class Counsel, and/or any other person who may assert some claim thereto, any award or payment made in this Action or pursuant to this Agreement, including but not limited to any award or payment pursuant to this section 15.   Class Counsel and the Class Representative shall alone be

responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made pursuant to this section 15. No party shall be deemed the prevailing party for any purposes of the Action or otherwise.

15.6    Any application for the Incentive Award for the Class Representative shall not exceed $5,000. The Incentive Award shall be paid from the Settlement Fund. Within sixty (60) days of the Effective Date and upon the Class Representative's submission of a Form W-9 to the Settlement Administrator, the Settlement Administrator shall remit the Incentive Award.

## 16.    **Stay of Discovery and Other Proceedings**

16.1    To the extent the Action has not already been stayed by the Bankruptcy Court, upon execution of this Agreement, the Parties shall discontinue all discovery activity or related proceedings in the Action and the underlying Bankruptcies, provided that if this Agreement is terminated pursuant to section 13, the Parties may pursue discovery or related proceedings.

16.2    To the extent the Action and the Anderson Bankruptcy have not already been stayed by the Bankruptcy Court, upon the entry of the Preliminary Approval Order, the Parties agree that the Court should stay and suspend all proceedings in the Action and the Anderson Bankruptcy, including any examination by the United States Trustee but excluding proceedings that may be necessary to carry out the terms and conditions of the Agreement.

16.3    Upon the Effective Date, and notwithstanding any of the other provisions in this Agreement, the Defendant shall have no obligation to preserve documents and evidence with respect to Released Claims, and the Class Representative and Class Counsel shall not pursue any spoliation claims or other actions or sanctions against Defendant with respect to documents or evidence related to the Released Claims.

17.    **Return/Destruction of Discovery Materials**

17.1    The Parties agree that the terms of the Protective Orders govern the dealings of the Parties with respect to materials produced in discovery in this Action and shall continue in force after the Effective Date of the settlement. Accordingly, within thirty (30) days of the Effective Date, the Parties and their counsel of record, and any consultants or experts retained by the Parties or their counsel of record, shall use their best efforts to locate all Confidential Information (as the term is defined in the Protective Order) produced in the Action and return such Confidential Information to counsel of record for the producing party or destroy all originals or reproductions (whether in electronic, hard copy, or other form) of the Confidential Information.

17.2    Within sixty (60) days of the Effective Date, counsel of record shall make written certification that they have used their best efforts to search for all Confidential Information, that they have instructed the Class Representative, Defendant, and all consultants or experts to return or destroy Confidential Information, and that, to the best of their knowledge, they have retained no originals or copies of any Confidential Information. The Parties acknowledge that their duty to return or destroy all Confidential Information is a continuing duty and the Parties agree to return or destroy any such information found in the future.

17.3    Notwithstanding this section, the parties shall be excused from any duty to return or destroy Confidential Information to the extent necessary to comply with outstanding court orders or with judicial and non-judicial subpoenas, civil investigative demands, or other compulsory process.

17.4    The District Court shall retain jurisdiction to ensure compliance with the Protective Orders.

18.    **Media and Confidentiality**

18.1    The Parties, including their Counsel, agree that the terms of this Settlement shall remain confidential and not be disclosed by any party until the Settlement Agreement is filed in connection with the Class Representative's Motion for Preliminary Approval.

18.2    The Parties, including their Counsel, agree that they shall not at any time publish or issue a press release including but not limited to the media or on the internet concerning the Settlement. The Parties further agree that they shall not make any statement, with or without attribution, in response to any media inquiries concerning the Action, Defendant or the Settlement. In response to any such inquiries, the Parties shall refer the inquiring media to the papers filed on the Bankruptcy Court docket.

18.3    To the extent that Class Counsel settles other actions raising similar claims against other banks, Class Counsel shall not reference this Settlement or Defendant in any public comments including to the media.

19.    **Notices**

19.1    All notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by mail and email to the following addresses:

All notices to Class Counsel shall be sent to Class Counsel c/o:

George Carpinello
Adam Shaw
BOIES SCHILLER FLEXNER LLP
30 South Pearl Street
Albany, NY 12207
Telephone: (518) 434-0600

Charles Juntikka
CHARLES JUNTIKKA & ASSOCIATES
1250 Broadway, 24th Floor
New York, NY 10001

Telephone: (212) 315-3755

All notices to Defense Counsel shall be sent to Defense Counsel c/o:

Joseph L. Noga
Laura MacDonald
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600

Joel H. Levitin
Samuel G. Mann
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000

## 20.    **Miscellaneous Provisions**

20.1    Cooperation.  The Parties:  (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to  accomplish the foregoing terms and conditions of the Settlement Agreement.

20.2    No Admission.  The Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Parties agree that the amounts paid in settlement and the other terms of the Agreement were negotiated in good faith by the Parties and at arm's length and reflect a  settlement that was reached voluntarily after consultation with competent legal counsel. Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to, or in  furtherance of, the Agreement or the settlement:  (a) is or may be deemed to be or may be used as  an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or  liability of the Releasees, or any of them; or (b) is or may be deemed to be or may be used as

an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any

civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

The Class Representative and Class Counsel agree not to argue or present any argument, and

hereby waive any argument, that Defendant could not contest (or is estopped from contesting) class

certification and/or proceeding collectively on any grounds if this Action were to proceed; this

Agreement shall not be deemed an admission by, or ground for estoppel against, Defendant that

class certification and/or proceeding collectively in the Action is proper or cannot be contested on

any grounds.

20.3    Exhibits.  All of the exhibits to the Agreement are material and integral parts hereof

and are fully incorporated herein by this reference.

20.4    Amendment/Modification.  The Agreement may be amended or modified only by a

written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

The waiver by one Party of any breach of this Agreement by any other Party shall not  be deemed

a waiver of any other prior or subsequent breach of this Agreement. Class Counsel, on behalf of

the Class, are expressly authorized by the Class Representative to take all appropriate action

required or permitted to be taken by the Class pursuant to the Agreement to effect its terms, and

also are expressly authorized to enter into any modifications or amendments to the Agreement on

behalf of the Class which they deem appropriate.

20.5    Entire Agreement.  The Agreement and the related documents entered at this time

of this Agreement or referenced herein constitute the entire agreement among the Parties hereto

concerning the settlement of the Action. No representations, warranties, or inducements have

been made to any party concerning the Agreement or its exhibits other than the representations,

warranties, and covenants contained and memorialized in such documents.  Except as otherwise

provided herein, each party shall bear its own costs and attorney fees.

20.6    Authority.  Each person executing the Agreement or any of its exhibits on behalf of

any Party hereby warrants that such person has the full authority to do so.

20.7    Counterparts.    The Agreement may be executed in one or more counterparts,

including by signature transmitted by facsimile or by email in PDF format.    All executed

counterparts and each of them shall be deemed to be one and the same instrument.

20.8    Successors and Assigns.  The Agreement shall be binding upon, and inures to the

benefit of, the heirs, executors, successors, and assigns of the Parties hereto; but this Agreement is

not designed to and does not create any third-party beneficiaries.

20.9    No Third-Party Rights or Beneficiaries.  Except as expressly provided for herein,

no government agency or official can claim any rights under this Agreement or Settlement,  whether

with respect to the alleged conduct that is the subject of the Releases, the restrictions in section 3

of this Agreement, or the funds (or remainder of funds) paid or used in the Settlement. There are

no third-party beneficiaries created or implied.

20.10    Jurisdiction.    The District Court shall retain jurisdiction with respect to

implementation and enforcement of the terms of the Agreement, and all Parties hereto submit to

the jurisdiction of the District Court for purposes of implementing and enforcing the settlement

embodied in the Agreement until such time that the District Court enters an order dismissing the

action with prejudice.

20.11    Governing Law.  The Agreement and the exhibits hereto shall be considered to have

been negotiated, executed, and delivered, and to have been wholly performed, in the State of New

York, and the rights and obligations of the Parties to the Agreement shall be construed and enforced

in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

20.12   <u>Draft</u>ing.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.

No party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed against any party and the canon of contract interpretation to the contrary shall not be applied.

20.13   <u>Recital</u>s.   The recitals set forth above shall be and hereby are terms of this Agreement as if set forth herein.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

20.14   <u>No Collateral Attac</u>k.  The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Judgment is entered.

Dated: Aprii2_, 2019                    CLASS  REPRESENTATIVE
                                        Orrin S. Anderson

                                        By:                    L

                                        OITfo S. Anderson


Dated: April 3, 2019                    CAPITAL  ONE  BANK (USA), N.A.



APPROVED AS TO FORM AND AGREED AS TO APPLICABLE  PROVISIONS:


George Carpinello                       Laura MacDonald
Adam Shaw                               JENNER & BLOCK LLP
BOIES SCHILLER                          919 Third Avenue
FLEXNER LLP                             New York, NY
30 South Pearl Street                   10022
Albany, NY  12207

                                        Joel H. Levitin
                                        Samuel G. Mann
                                        CAHILL GORDON &
                                        REINDEL LLP
                                        80 Pine Street
                                        New York, NY 10005


57

Anderson v. Capital One Bank (USA), N.A.

POSTAGE

Settlement Administrator

Address

Address Block

### **Important Notice About Credit Card Settlement**

If Your Capital One Bank (USA), N.A. Credit Card Account Was Sold to a Debt Buyer and Subsequently Discharged in a Chapter 7 Bankruptcy, You May Be Eligible for a Payment from a Class Action Settlement.

A Settlement has been reached in a class action lawsuit about the credit furnishing practices of Capital One Bank (USA), N.A. ("Capital One") regarding credit card debt sold to Debt Buyers, where the cardholder sought and obtained a discharge in Chapter 7 bankruptcy after the sale. The lawsuit, *Anderson v. Capital One Bank (USA), N.A.*, is pending in the U.S. Bankruptcy Court for the Southern District of New York. The lawsuit alleges that Capital One's furnishing practices harmed consumers by adversely affecting their ability to get credit or pressuring some consumers into paying discharged debts. Capital One denies any liability or wrongdoing. To settle the case and avoid the costs and risks of litigation, the parties have agreed to a settlement.

**Please go to [webaddress].com to see the Settlement Agreement and more information on the Settlement.**

**Why am I being contacted?** Capital One's records show you are likely a member of the Settlement Class. The Settlement Class includes all individuals who maintained a credit card account with Capital One, whose account Capital One charged off and then sold to a Debt Buyer on or after January 1, 2008, and who post-sale sought and obtained a discharge as a result of a bankruptcy under Chapter 7 of the Bankruptcy Code.

**What are the Settlement terms?** Capital One has agreed to pay $10.5 million for claims by members of the Settlement Class, Class Counsel attorneys' fees and litigation costs to be determined by the District Court, and a service payment to the Class Representative.

**How do I get a Settlement Payment?** The answer depends:

- **Reimbursement Claim**: If you made a payment(s) to Capital One or a Debt Buyer on your credit card debt after the debt was discharged under Chapter 7 of the Bankruptcy Code and that payment was not returned, then you may submit a claim to receive a cash payment up to the full amount of your post-discharge payment(s) to Capital One or the Debt Buyer. To receive this payment, you must fully complete, sign, and mail the Reimbursement Claim form available on the Settlement Website. You must also submit documentation

supporting the claim (in the form of cancelled checks, account statements or similar proof) and swear that the documentation is original or a true and correct copy.

- **Distribution Claim**: All Settlement Class Members, whether or not they paid on a discharged account, may be entitled to receive a *pro rata* portion of the remaining Settlement Fund. To receive a Distribution Claim payment, you must fully complete, sign, and submit the Distribution Claim form available on the Settlement Website.

**How do I submit a Claim?** You can view and print a paper claim form at www.[**webaddress**].com. You can also request a claim form by calling [**number**], or by emailing or writing to the Settlement Administrator. You can submit a Claim by mail or online at www.[**webaddress**].com. The deadline to submit a Claim is [**TK**].

**Your rights may be affected**. If you do not exclude yourself from the Settlement, you will be bound by the terms of the Settlement Agreement, including its Releases. If you do not want to be legally bound by the Settlement, you must ask (in writing) to be excluded from the Settlement Class by [**TK**]. If you stay in the Settlement Class, you may object to the Settlement by [**TK**]. The United States District Court for the Southern District of New York will schedule a hearing to consider whether to approve the Settlement and a request for attorneys' fees, costs, and expenses, plus a special service payment to the

Class Representative who initiated the lawsuit. You can appear at the hearing, but you do not have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing. You can call the toll-free number [**TK**] or visit the website at www.[**webaddress**].com to learn more about how to exclude yourself from or object to the Settlement.

**When will the hearing be held to determine approval of the Settlement, and where?** The United States District Court for the Southern District of New York will schedule the final fairness hearing to take place at the Federal Building and United States Courthouse, 300 Quarropas Street, Courtroom 620, White Plains, NY 10601-4150, to decide whether to approve: (1) the Settlement, (2) Class Counsel's request for attorney's fees and expenses, and a service payment to the Class Representative. Once the date and time are determined, it will be available on the settlement website.

**Who are the lawyers for the Class?** The Court has appointed the law firms of Boies Schiller Flexner LLP and Charles Juntikka & Associates as Class Counsel.

**LONG FORM NOTICE FOR WEBSITE**

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## *Orrin S. Anderson v. Capital One Bank (USA), N.A.,*
**[DC Case No.]**
### United States District Court for the Southern District of New York

## If You Had a Credit Card from Capital One Bank (USA), N.A. ("Capital One") and Your Debts Were Discharged in a Chapter 7 Bankruptcy, You Could Get Money from a Class Action Settlement.

•        You may have received notification in the mail regarding a proposed class-action settlement. This Notice will explain what the class action is about, what the Settlement will be if it is approved by the United States District Court for the Southern District of New York (the "District Court"), how you qualify to submit a claim for a cash award, and what to do if you want to (i) submit a claim; or (ii) object to the Settlement; or (iii) not participate in the Settlement and instead "opt out" of the class action.  These rights and options - **and the deadlines to exercise them** - are explained in this notice.

•        The District Court still must decide whether to approve the Settlement. Payments will be distributed if the District Court approves the Settlement and after appeals, if any, are resolved in favor of the Settlement.  Please be patient.

•        **Your legal rights may be affected whether you act or do not act.  Read this notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will be included in the Settlement, and you will give up your right to sue Defendant on your own about the claims discussed in this notice. |
| **SUBMIT A CLAIM FORM** | **This is the only way to obtain payment available under the Settlement.** The Claim Form, which can be found on this Settlement Website at **[web address]**, must be completed and **postmarked, or submitted online at [web address], on or before [DATE]**, subject to the qualifications and  requirements addressed below. |
| **EXCLUDE YOURSELF** | You get no payment under the Settlement. This is the only choice that will allow you to sue Defendant on your own about the claims discussed in this notice. An exclusion request must be made in writing, and **postmarked** on or before **[DATE]**. |

**LONG FORM NOTICE FOR WEBSITE**

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the Settlement. An objection must be made in writing and **filed** on or before **[DATE]**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the Settlement, after you submit your objection. A Notice of Intention to Appear must be in writing, **filed**, and **postmarked** on or before **[DATE]** in addition to submitting a timely objection. |
| **REQUEST REINSTATEMENT OF YOUR TRADELINE** | Capital One has asked the three primary credit reporting agencies (TransUnion, Equifax, and Experian) to delete or suppress the entries on credit reports (or "tradelines") associated with Capital One credit card accounts that Capital One charged off and then sold to a Debt Buyer on or after January 1, 2008, and for which the debtor post-sale sought and obtained a discharge as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code.  You may ask to have the tradeline associated with your Capital One credit card account reinstated.  If you wish to have your tradeline reinstated, you must submit a signed request in writing, and mail it to the Settlement Administrator, postmarked by **[DATE]**. |

**LONG FORM NOTICE FOR WEBSITE**

<div style="background:#595959;color:white;text-align:center;">WHAT THIS NOTICE CONTAINS</div>

**PART I**: WHY YOU HAVE RECEIVED NOTICE ...................................................................4

1.   WHY DID I RECEIVE NOTICE OF THIS SETTLEMENT? ..........................................5

2.   WHAT IS THIS LAWSUIT ABOUT?.............................................................................5

3.   WHY DID THIS LAWSUIT SETTLE? ...........................................................................5

4.   WHY IS THIS A "CLASS ACTION"? ............................................................................6

 **PART 11:**  DESCRIPTION OF THE SETTLEMENT CLASS ......................................................6

5.   AM I A MEMBER OF THE SETTLEMENT CLASS? ....................................................6

6.   ARE THERE EXCEPTIONS TO BEING INCLUDED?..................................................6

7.   I'M STILL NOT SURE IF I'M INCLUDED ....................................................................6

**PART 111:** DECISIONS YOU MUST MAKE NOW ..................................................................6

8.   WHAT DO I NEED TO DO NOW? .................................................................................6

9.    WHAT IF I DO NOTHING?.............................................................................................7

**PART IV:** SETTLEMENT BENEFITS - WHAT YOU CAN GET.............................................7

10.   WHAT DOES THE SETTLEMENT PROVIDE?............................................................7

11.   WHAT CAN I GET FROM THE SETTLEMENT?.........................................................8

12.   HOW CAN I MAKE A CLAIM? .....................................................................................9

13.   WHAT IS THE CLAIM PROCESS? ...............................................................................9

14.   WHEN WILL I GET MY PAYMENT, IF ANY? ..........................................................10

**PART V**:THE LAWYERS REPRESENTING THE SETTLEMENT CLASS...........................10

15.   DO I HAVE A LAWYER IN THIS CASE? ...................................................................10

16.   HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE
      IN THESE ACTIONS BE PAID? .................................................................................. 11

**PART VI:** EXCLUDING YOURSELF FROM THE SETTLEMENT .....................................11

17.   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?...11

**LONG FORM NOTICE FOR WEBSITE**

18.    WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? ............................11

19.    IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANT LATER? ...................12

20.    WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE
SETTLEMENT CLASS?................................................................................................12

21.    CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS? ............................12

**PART VII:** OBJECTING TO THE SETTLEMENT .................................................................10

22.    HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?................................... 12

23.    WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND
"EXCLUDING"? ........................................................................................................... 12

**PART  VIII:**  THE COURT'S FINAL APPROVAL HEARING.............................................14

24.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO
APPROVE THE SETTLEMENT? ..................................................................................14

25.    DO I HAVE TO COME TO THE HEARING?.............................................................. 14

26.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?......................................... 14

27.    WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL
HEARING?......................................................................................................................14

**PART IX:** GETTING ADDITIONAL INFORMATION ........................................................15

28.    HOW DO I GET MORE INFORMATION? ..................................................................15

## PART I: WHY YOU HAVE RECEIVED NOTICE

**LONG FORM NOTICE FOR WEBSITE**

## 1.    WHY DID I RECEIVE NOTICE OF THIS SETTLEMENT?

A court authorized notice because you have a right to know about this proposed Settlement of the class action lawsuit known as *Anderson v. Capital One Bank (USA), N.A.*, Adv. Pro. No. 15-08342, and about all of your options, before the District Court decides whether to approve the Settlement. This notice provides a summary of the lawsuit, the Settlement, and your legal rights.

The Courts in charge of this case are the United States District Court for the Southern District of New York (the "District Court") and the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The person who sued is called the "Plaintiff," and Capital One Bank (USA), N.A. ("Capital One") is the "Defendant."

The essential terms of the Settlement are summarized below. The Settlement Agreement sets forth in greater detail the rights and obligations of the parties. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

## 2.    WHAT IS THIS LAWSUIT ABOUT?

This lawsuit alleges that Defendant failed to update its credit furnishing for credit card accounts sold to Debt Buyers where the accountholder's debts were discharged in Chapter 7 bankruptcy after they were sold. It is alleged that as a result, the entry on the accountholder's credit report associated with the account (or "tradeline") continued to reflect that the debts were sold, charged off, and $0 balance, and did not indicate that the debts were included or discharged in bankruptcy.

Based on these allegations, Plaintiff claims that Defendant's credit furnishing practices have harmed consumers by adversely affecting their ability to get credit. Plaintiff also alleges that Defendant's credit furnishing practices have pressured some consumers into paying those discharged debts because they feared that not doing so would negatively impact the perception of their creditworthiness to prospective creditors and employers.

Defendant denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action. Defendant denies that it attempted to collect discharged debts or otherwise violated bankruptcy discharge injunctions.

For more detailed information as to Plaintiff's allegations, you may review a copy of Plaintiff's complaint on the Settlement Website, at **[web address]**. You also may request from the Settlement Administrator a copy of the complaint.

## 3.    WHY DID THIS LAWSUIT SETTLE?

Plaintiff has agreed to a Settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiff and the proposed Class under the terms of the Settlement Agreement; (2) the risks, costs and uncertainty of protracted litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating the Settlement Agreement promptly in order to provide effective relief to Plaintiff and the proposed Class.

**LONG FORM NOTICE FOR WEBSITE**

Neither the Bankruptcy Court nor the District Court has decided (or will decide) whether Plaintiff's claims or Defendant's defenses have any merit, and it will not do so if the proposed Settlement is approved. The proposed Settlement does not suggest that Defendant has or has not done anything wrong, or that the Plaintiff and the proposed Class would or would not win their case if it were to go to trial.

## 4.    WHY IS THIS A "CLASS ACTION"?

In a class action, one or more people, called the named Plaintiff or Class Representative, sue on behalf of people who have similar claims. All these people constitute the Class or are Class Members. One Court resolves the issues for all Class Members, except for those who exclude himself or herself from the Class or are otherwise not part of the Class.

## PART II: DESCRIPTION OF THE SETTLEMENT CLASS

## 5.    AM I A MEMBER OF THE SETTLEMENT CLASS?

With some limited exceptions, described below, the Settlement Class includes all individuals (i) who maintained a Capital One Credit Card Account; (ii) whose debt related to a Credit Card Account was charged off and then sold to a Debt Buyer on or after January 1, 2008, and (iii) who post-sale sought and obtained a discharge as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, through and including March 22, 2016.

## 6.    ARE THERE EXCEPTIONS TO BEING INCLUDED?

The Settlement Class does <u>not</u> include persons who timely and validly request exclusion from the Class or employees of the Defendant.

## 7.    I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Settlement Class Member, you can contact Class Counsel.

## PART III: DECISIONS YOU MUST MAKE NOW

## 8.    WHAT DO I NEED TO DO <u>NOW</u>?

**FIRST**, you must decide <u>now</u> whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class.  If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VI **no later than** **[DATE]**. If you exclude yourself:

• 	You will **<u>not</u>** be eligible for payment under the Settlement.
• 	You will **<u>not</u>** be able to object to the proposed Settlement and to appear at the Final Approval Hearing.

**LONG FORM NOTICE FOR WEBSITE**

• You will **not** be bound by any orders or judgments entered in this case, if the proposed Settlement is approved.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed Settlement by filing a written objection with the District Court as described below in Part VII. You must **file** your objection with the District Court **on or before [DATE]**.

Additionally, if you file an objection, you may also decide to appear and speak at the District Court's Final Approval Hearing regarding the Settlement of this lawsuit. If you wish to appear and speak at the District Court's Final Approval Hearing, you must have first submitted an objection (as described in Part VII) and, in addition, file and serve a Notice of Intention to Appear at the Final Approval Hearing that is postmarked by **[DATE]** as described in response to Question 27, below.

**THIRD**, if you remain a Settlement Class Member, you can complete and submit a Claim Form, which must be postmarked or submitted online **no later than [DATE]**.

The Parties make no representations about the tax implications of any payments made in connection with the Settlement. You should seek your own tax advice prior to acting in response to this Notice.

## 9. WHAT IF I DO NOTHING?

**If you do nothing, you will be a Settlement Class Member and you will be bound by the Settlement's release. In order to be considered for ~~any~~ other forms of payment under the Settlement, you must complete and submit a Claim Form on or before the deadline, which is [DATE].**

Unless you exclude yourself from the Settlement Class, if the Settlement is approved, all of the Bankruptcy Court's and District Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendant in regard to the claims in this lawsuit, ever again, regardless of whether you submit a Claim Form.

---

## PART IV: SETTLEMENT BENEFITS - WHAT YOU CAN GET

---

## 10. WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement provides that Capital One will do the following to resolve the case:

Capital One will pay into a settlement fund in the amount of $10,500,000, which will be used to:

a. Pay for claims administration costs, including, but not limited to, notice costs and escrow and banking fees and costs; ~~Make payments to qualifying Settlement Class Members for timely, valid, and approved claims, and to the Class Representative for an incentive award as ordered by the District Court~~;

**LONG FORM NOTICE FOR WEBSITE**

b. ~~Pay for claims administration costs, including, but not limited to, notice costs and escrow and banking fees and costs; and~~ Make payments to Class Counsel for attorney's fees and litigation costs as approved by the  District Court; and

c. Make payments to qualifying Settlement Class Members for timely, valid, and approved  claims, and to the Class Representative for an incentive award as ordered by the District Court.

b. ~~~~

c. ~~Make payments to Class Counsel for attorney's fees and litigation costs as approved by the District Court.~~

Capital One has also asked the three primary credit reporting agencies (TransUnion, Equifax, and Experian) to delete or suppress the tradelines associated with the Class Members' Capital One credit card accounts at issue. If a Class Member identifies that Capital One's tradeline for the credit card account at issue continues to appear on his or her credit report, and provides notice to Capital One's counsel that the tradeline has not yet been deleted or suppressed, Capital One will make one final request that the credit reporting agencies delete or suppress the tradeline. **If a Class Member submits a request for reinstatement of the tradeline associated with the Capital One credit card account at issue, Capital One will request that the credit reporting agencies reinstate it. The Class Member's request must be made in writing, signed, mailed to the Settlement Administrator, and postmarked by [DATE].**

In return for the benefits in this Settlement, and if the Settlement is implemented, all Settlement Class Members will release Defendant from the claims discussed in the Agreement, and this Action will be dismissed with prejudice, among other terms.

## 11.   WHAT CAN I GET FROM THE SETTLEMENT?

If you made a payment on your sold Capital One credit card account after you received a Chapter 7 bankruptcy discharge and did not have the payment already returned, you may be entitled to a **full refund** of that amount (subject to *pro rata* reduction in the event that such claims exceed the Settlement Fund). If your payment has already been returned by Capital One, you will not receive a second payment under this Settlement. In addition, all Class Members, whether or not they paid on a discharged  account, may be entitled to receive a *pro rata* portion of the remaining Settlement Fund.

Two types of payments will be made under the Settlement. It is possible for you to receive both types of payments if you qualify for each type of payment.

**Reimbursement Claim:** If you made a payment(s) to a Debt Buyer on your sold Capital One credit card account after you received a Chapter 7 bankruptcy discharge and did not have the payment returned, then you may receive a cash payment up to the full amount of your post-discharge payment(s) to the Debt Buyer (subject to *pro rata* reduction in the event that such claims exceed the Settlement Fund). To receive this payment, you must fully complete, sign, and mail or submit online the Reimbursement Claim form. **You must also submit documentation supporting the claim in the form of cancelled checks, account statements, or similar proof and swear that the documentation you provide is original or a true and correct copy.  If you do not complete and submit the Reimbursement Claim form with accompanying documentation, you will not**

**receive a Reimbursement Claim payment under the Settlement (though you may still receive an automatic payment as described above).**

**Distribution Claim:** To receive a Distribution Claim payment, you must submit a Claim affirming that you fit the definition of a Class Member, that you have read the representations in the Claim Form, including the reasons the credit reporting may have harmed the Class, and that you believe

**LONG FORM NOTICE FOR WEBSITE**

you are entitled to monetary compensation. You must fully complete, sign, and mail or submit online the Distribution Claim form. The amount that you may ultimately receive will depend, among other things, on payments made to other claimants. Eligible claimants for a Distribution Claim payment will receive a *pro rata* share of the remaining funds in the Settlement Fund after payment to other claimants. **If you do not complete and submit the Distribution Claim form, you will not receive a Distribution Claim payment under the Settlement. You do not need to submit any additional documentation in order to be eligible for a Distribution Claim payment.**

## 12.    HOW CAN I MAKE A CLAIM?

To receive payment on a Reimbursement Claim or a Distribution Claim under the Settlement, you must submit a Claim Form, which is available on this Settlement Website, at **[web address]**, or by calling toll-free **[number]**.  Please read the instructions and certification carefully, fill out the forms completely and accurately, and submit the forms and any documents, as applicable. Claim Forms must be postmarked or submitted online no later than **[DATE]**.

You must complete the underline entire Claim Form and submit any required documentation when first submitting the Claim Form. Failure to do so may result in the denial of your Claim which means that you will receive no cash payment on a Reimbursement Claim or a Distribution Claim.

## 13.    WHAT IS THE CLAIM PROCESS?

You will be eligible for payment on a Reimbursement Claim or a Distribution Claim provided that you are a Settlement Class Member and you complete and timely submit the Claim Form, with any additional documentation as applicable, to the Settlement Administrator. **Claim Forms must be sent to the Settlement Administrator, postmarked no later than [DATE] or submitted online pursuant to the instructions at [website], by [DATE].**

Failure to complete and submit the Claim Form and/or inability to timely comply with requests from the Settlement Administrator will result in disqualification of your Claim Form, and you will be ineligible to receive a cash payment on a Reimbursement Claim or a Distribution Claim from the Settlement.

**LONG FORM NOTICE FOR WEBSITE**

Shortly after receiving your Claim Form, the Settlement Administrator will review and assess it. If a Claim Form is valid, timely, completed, including any necessary documentation as applicable, and approved, the Settlement Administrator will pay that Participating Claimant in accordance with the terms of the Settlement Agreement. If a Claim Form is deficient, the Settlement Administrator will reject the Claim Form, and you will be notified.

## 14.    WHEN WILL I GET MY PAYMENT, IF ANY?

Payments to Class Members who file eligible claims will be made only after the District Court grants Final Approval to the Settlement and after any appeals are resolved. (*See* Part VIII, "The Court's Final Approval Hearing," below). If there are appeals, resolving them can take time. Finally, there remains a possibility that this Settlement may be terminated for other reasons. Please be patient.

You may visit this Settlement Website for updates on the progress of the Settlement.

| PART V: THE LAWYERS REPRESENTING THE SETTLEMENT CLASS |
| --- |

## 15.    DO I HAVE A LAWYER IN THIS CASE?

The Bankruptcy Court has designated attorneys at the law firms of **Boies Schiller Flexner LLP** and **Charles Juntikka & Associates** to represent you and the other Class Members in this lawsuit.  The lawyers representing you and the Class Members are called "Class Counsel." **Class Counsel will apply to the District Court for payment of their reasonable attorney's fees and costs.  You will not otherwise be charged for the services of Class Counsel.**

You may contact Class Counsel about this lawsuit and proposed Settlement as follows:

**BOIES SCHILLER FLEXNER LLP**
George Carpinello
30 South Pearl Street
Albany, NY 12207
Telephone:  (518) 434-0600

**CHARLES JUNTIKKA & ASSOCIATES**
Charles Juntikka
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:  (212) 315-3755

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will have to pay his or her fees and expenses. You also have the right to represent yourself before the District Court without a lawyer.

**LONG FORM NOTICE FOR WEBSITE**

**16.    HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE IN THESE ACTIONS BE PAID?**

Class Counsel have prosecuted this case on a contingent fee basis and have not been paid anything to date for their services. Class Counsel will make an application to the District Court for an award of attorney's fees, plus reimbursement of litigation costs, which shall be the sole aggregate compensation from Defendant for all attorneys representing Plaintiff and the Settlement Class. Said compensation will be paid from the Settlement Fund.

## PART VI: EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendant on your own with regard to the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or "opting out" of the Class.

**17.    HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you want to be excluded from the Class, you <u>must </u>notify the Settlement Administrator. To exclude yourself from the Settlement, you must complete and send to the Settlement Administrator a written request that includes the case name (*Anderson v. Capital One Bank (USA), N.A.*), your name and address, and a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action." The request also must be personally signed by you (the person requesting exclusion). Your exclusion request must be **postmarked** no later than **[DATE]**. Send your exclusion request to:

*Anderson v. Capital One Bank (USA), N.A.*
Settlement Administrator
c/o _____
**[ADDRESS]**

**18.    WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?**

If you request exclusion from the Class, then:

• You will <u>**not**</u> be eligible for payment under the proposed Settlement;
• You will <u>**not**</u> be allowed to object to the terms of the proposed Settlement; and
• You will <u>**not**</u> be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be considered a part of the Settlement Class, you will be bound by the Settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

**LONG FORM NOTICE FOR WEBSITE**

## 19.    IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANT LATER?

**No.** If the District Court approves the proposed Settlement and you do not exclude yourself from the Settlement Class, you release (give up) all claims released in the Claim Form.

## 20.    WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against the Defendant about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions, orders and judgments by the Bankruptcy Court and the District Court will bind you. If you file a Claim Form for benefits or do nothing at all, you will be releasing the Defendant and the Released Parties from all of the claims described and identified in Section 10 of the Settlement Agreement. The Settlement Agreement is available on this Settlement Website, at **[website]**, and provides more detail regarding the Release and describes the Released Claims with specific descriptions.

## 21.    CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

**No. If you remain a member of the Settlement Class and the Settlement is finally approved, you will be enjoined and barred from initiating or continuing any lawsuit or other proceeding against Defendant if those claims are included among those released in the Settlement.**

As part of this Settlement, the Bankruptcy Court has preliminary enjoined all Class Members and/or their representatives (who do not timely exclude himself or herself from the Class) from maintaining, commencing, prosecuting, or pursuing any Released Claim as Class Members or otherwise against Defendant (or against any of Defendant's related parties or affiliates).

Upon final approval of the Settlement, Plaintiff and Defendant will ask the District Court to enter a permanent injunction enjoining all Settlement Class Members and/or their representatives and/or personnel from engaging in the activities described above. All Settlement Class Members will be bound by this permanent injunction.

---

### PART VII: OBJECTING TO THE SETTLEMENT

---

You have the right to tell the Court that you do not agree with the Settlement or any or all of its terms.

## 22.    HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed Settlement. The District Court will consider your views.

**LONG FORM NOTICE FOR WEBSITE**

Your written objection must include:

(1)     the case name and number:  *Anderson v. Capital One Bank (USA), N.A.*, **[DC Case No.]**;

(2)     your name;

(3)     your address;

(4)     your telephone number;

(5)     if you are represented by counsel, the name, address, and telephone number of your counsel;

(6)     a written statement of the basis for your objection(s); and

(7)     a statement of whether you intend to appear and argue at the Final Approval Hearing, with or without counsel.

Your written objections must be **filed with the District Court no later than [DATE]**:

Clerk of the Court
**United States District Court for the Southern District of New York**
Federal Building and United States Courthouse
300 Quarropas Street
Courtroom TK
White Plains, NY 10601-4150

You must also mail your objection to Class Counsel and Defense Counsel, at their addresses specified in Section 19 of the Settlement Agreement.

If you file objections, but the District Court approves the Settlement as proposed, you can still complete a Claim Form to be eligible for payment under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

## 23.    WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the District Court that you don't like something about the Settlement.  You can only object if you stay in the Settlement Class.

If you object to the Settlement, you still remain a member of the Settlement Class and you will still be eligible to submit a Claim Form.  You will also be bound by any subsequent rulings in this case and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the District Court that you don't want to be a part of the Settlement Class.  If you exclude yourself, you have no basis to object to the Settlement or appear at the Final Approval Hearing because it no longer affects you.

**LONG FORM NOTICE FOR WEBSITE**

| PART VIII: THE COURT'S FINAL APPROVAL HEARING |
|---|

The District Court will hold a final hearing (called a Final Approval Hearing) to decide whether to finally approve the Settlement.

**24.      WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

On **[DATE]**, at **[TIME]**, the District Court will hold a Final Approval Hearing at the United States District Court for the Southern District of New York, before the Honorable **[Judge]**, in Courtroom **[TK]**, 300 Quarropas Street, White Plains, NY 10601-4150.

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for Settlement purposes, whether to approve the proposed Settlement as fair, reasonable and adequate, whether to award attorneys' fees and costs, whether to award the Class Representative an award for their help, and consider related Settlement issues. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**25.      DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions the District Court may have at the Final Approval Hearing. But you are welcome to come at your own expense. Please note that the District Court has the right to change the date and/or time of the Final Approval Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

**26.      MAY I SPEAK AT THE FINAL APPROVAL HEARING?**

Yes, if you have filed an objection, you may ask the District Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear" as described in response to Question 27, below.

**27.      WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING?**

If you are a member of the Settlement Class, and you (or your attorney) want to appear and speak at the Final Approval Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear at the Final Approval Hearing. Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must be filed with the District Court at the address specified in Question 22, and served on Class Counsel and Defense Counsel (at their addresses specified in Section 19 of the Settlement Agreement) no later than [DATE]**.

If you file objections and appear at the Final Approval Hearing, but the District Court approves the Settlement as proposed, you can still complete a Claim Form to be eligible for payment under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

**LONG FORM NOTICE FOR WEBSITE**

| PART IX: GETTING ADDITIONAL INFORMATION |
|:---:|

**28.          HOW DO I GET MORE INFORMATION?**

This Notice summarizes the proposed Settlement. More details are contained in the Settlement Agreement. The full Settlement Agreement is on file with the Clerk of the Court and is also available at **[web address]** or by calling toll-free **[number]**. For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 8:30 a.m. to 5:00 p.m. Eastern Time.

If you have questions after reading this notice, additional information about the proposed Settlement is available on this Settlement Website, or you may call toll-free **[number]**, where responses to common questions are available and Claim Forms may be requested. You may also direct your questions about the Settlement to Class Counsel, whose name and address is listed in response to Question 15 of this Notice.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT**

Dated: **[DATE]**, 2019                               Clerk of the Court
                                                        United States Bankruptcy Court
                                                        for the Southern District of New York

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ORRIN S. ANDERSON, | |
| Debtor, | |
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON, A/K/A ORRIN SCOTT ANDERSON, | Chapter 7 Case No. 14-22147 (RDD) |
| Debtor and Plaintiff on behalf of himself and all others similarly situated, | Adv. Proc. No. 15-08342 (RDD) |
| v. | |
| CAPITAL ONE BANK (USA), N.A. | |
| Defendant. | |

**CLAIM FORM**

**Anderson. v. Capital One Bank (USA), N.A.**
Brown Greer, PLC
**[ADDRESS]**

**[webaddress]**.com

<table>
<tr><td>

RESPONSE DUE DATE:

*POSTMARKED BY*
_____, 2019

</td><td>

Official Use Only

</td></tr>
</table>

## CLAIM FORM

**Important Information About Making a Claim –**
**Read the Class Notice If You Need Further Information**

Dear Potential Class Member:

You have been identified as a potential member of the Class in the Settlement of the *Anderson v. Capital One Bank (USA), N.A.* class action litigation. This Class includes people who had a Capital One credit card, who failed to make full payment on the amount due on the card, whose debt was sold by Capital One and who received a Chapter 7 bankruptcy discharge after the sale. This Claim Form should be accompanied by a Notice of Proposed Settlement of Class Action ("Notice"). This action has been settled subject to the final approval of the District Court and you may be entitled to a monetary payment.

Depending on the circumstances, you may be entitled to receive money on two types of claims:

A **Distribution Claim** is a claim that you wish to be compensated for the fact that Capital One did not furnish information to the credit reporting agencies after the sale and your credit report may not have reflected that the debt associated with your Capital One credit card was discharged in bankruptcy. Capital One's records indicate that this may apply to you. Depending upon how many persons submit claims, **Distribution Claim** awards may be between $___ and $__ per card holder (but may be higher or lower).

A **Reimbursement Claim** is available if after receiving a bankruptcy discharge you paid a pre-bankruptcy debt associated with a Capital One credit card, and that payment was not returned to you. If you believe that you made such a payment that was not returned, you should fill out the **Reimbursement Claim Form**.

If you want to participate in the settlement and receive a payment from the Settlement Fund, then you need to:

(a)    Read this form and the Notice;

(b)    Note that you may be entitled to payment from the Settlement Fund if you submit a **Distribution Claim**, a **Reimbursement Claim**, or both;

(b)    Decide whether you wish to submit a **Distribution Claim**, a **Reimbursement Claim**, or both;

(c)    If you wish to submit a Claim, fill out a **Distribution Claim**, a **Reimbursement Claim**, or both;

(d)    Sign at the bottom of the Form(s) you wish to submit;

(e)    Mail the Claim Form(s), and any supporting documentation described below, to the Settlement Administrator at the above address, **OR** submit these materials online following the instructions provided at **[webaddress]**.com**, by [DATE]**.

A signed Claim Form must be mailed to the Settlement Administrator at the above address and **postmarked, or submitted online following the instructions provided at [webaddress].com, by [DATE]**.

**If you are a Settlement Class Member and you do not <u>complete</u>, <u>sign</u>, and <u>return</u> a Claim Form, or submit these materials online following the instructions provided at [webaddress].com, by the deadline, you will not receive Distribution Claim or Reimbursement Claim payment, but you will still be bound by all orders of the Court in this action, including that you will be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims. If you have any questions or would like further information about the terms of the settlement, your eligibility for a payment, or how to make a claim for relief, you may read the Notice or visit [webaddress].com.**

## DISTRIBUTION CLAIM
### (Credit Reporting Harm)

*Please complete this Form only if you are submitting a **Distribution Claim**. You can submit a Claim Form for **Distribution Claim** and **Reimbursement Claim** if both are applicable to you.*

You should complete this **Distribution Claim** only if:

      (1) you had a Capital One credit card on which you defaulted and the debt was sold to a third-party Debt Buyer,

      (2) you obtained a Chapter 7 bankruptcy discharge on or after January 1, 2008 but before March 22, 2016,

      AND

      (3) you have read the representations in the Notice and reproduced immediately below in italics, and you believe you are entitled to monetary compensation.

*This lawsuit alleges that Defendant failed to update credit reporting information for credit card accounts sold to third parties where the accountholder's debts were discharged in Chapter 7 bankruptcy after they were sold. It is alleged that as a result, the tradelines continued to reflect that the debts were sold, charged off, and $0 balance, and did not indicate that the debts were included in bankruptcy.*

*Based on these allegations, Plaintiff claims that Defendant's furnishing practices have harmed consumers by adversely affecting their ability to get credit and their credit scores. Plaintiff also alleges that Defendant's furnishing practices have pressured some consumers into paying those discharged debts because they feared that not doing so would negatively impact the perception of their creditworthiness to prospective creditors and employers.*

If the above situation applies to you, you may be eligible for a ***Distribution Claim*** payment. **You do not need to submit any supporting documentation in order to be eligible for a *Distribution Claim* payment. Distribution Claim** payments will be distributed as a *pro rata* share of remaining funds in the Settlement Fund after all other Claims are paid.

**To be completed by you:**

1.      Claimant(s)' Name(s) _____

2.      Claimant(s)' Current Address (if different from the address on the envelope enclosing the claim form) _____

3.      Claimant(s)' Date of Birth _____

4.      Claimant(s)' Home Telephone Number _____

5.      Claimant(s)' Social Security Number (Last four digits only for each Claimant) _____

- 3 -

## **CERTIFICATION**

Definitions

All capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement dated as of **[DATE]** ("the Agreement"), which is posted on the Settlement Administrator's website at **[webaddress]**.com.

Submission to Jurisdiction of Court and Acknowledgements and Affirmations

I submit this Claim Form under the terms of the Agreement described in the Notice. I further acknowledge that I am bound and subject to the terms of any judgment that may be entered in the Action. By submitting this Claim Form, I state that I have not previously entered into an individual settlement agreement with Capital One and/or the Releasees in which I released any Released Claims against the Releasees; and that I have read and understand the Notice. I agree to furnish additional information to the Settlement Administrator to support this claim if requested to do so.

I certify that the foregoing information supplied by the undersigned is true and correct.

_____          _____
Signature                                                                              Date

_____
Print name

## REIMBURSEMENT CLAIM
### (Post-Discharge Payments)

*Please complete this Form only if you are submitting a **Reimbursement Claim**. You can submit a Claim Form for a **Distribution Claim** and **Reimbursement Claim** if both are applicable to you.*

You should complete this **Reimbursement Claim** only if:

(1) you had a Capital One credit card on which you defaulted and the debt was sold to a third-party Debt Buyer ,

(2) you obtained a Chapter 7 bankruptcy discharge on or after January 1, 2008 but before March 22, 2016,

AND

(3) you made a payment(s) on such Capital One credit card debt ***after*** obtaining the bankruptcy discharge, and such payment(s) were not refunded or returned to you or a co-borrower (i.e., joint account holder or authorized user) ("post-discharge payments").

If the above situation applies to you, you may be eligible for a cash payment up to the total amount of your post-discharge payments, subject to *pro rata* reduction as described in the Agreement and the Class Notice.


**To be completed by you:**

1.      Claimant(s)' Name(s)

2.      Claimant(s)' Current Address
        (if different from the address
        on the envelope enclosing
        the claim form)

3.       Claimant(s)' Date of Birth

4.      Claimant(s)' Home Telephone Number

5.      Claimant(s)' Social Security Number
        (Last four digits only for each Claimant)

**In order to be considered for a Reimbursement Claim payment, you MUST also submit documentation confirming the amount of your post-discharge payments listed above, in the form of cancelled checks, account statements, or other similar proof. The documents you submit must be originals or accurate copies.**

If you had any co-borrower(s) on your Capital One credit card account, please list their full names below. Check the box to indicate whether the **Reimbursement Claim** payment for which you may be eligible should be made payable jointly with the co-borrower(s):

☐      The co-borrowers on my Capital One credit card account are:
       _____.

☐ Payment of any **Reimbursement Claim** payment for which I may be eligible should be made payable jointly to the above-listed co-borrower(s).

## <u>CERTIFICATION</u>

<u>Definitions</u>

All capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement dated as of **[DATE]** ("the Agreement"), which is posted on the Settlement Administrator's website at **[webaddress]**.com.

<u>Submission to Jurisdiction of Court and Acknowledgements and Affirmations</u>

I submit this Claim Form under the terms of the Agreement described in the Notice. I further acknowledge that I am bound and subject to the terms of any judgment that may be entered in the Action. By submitting this Claim Form, I state that I have not previously entered into an individual settlement agreement with Capital One and/or the Releasees in which I released any Released Claims against the Releasees; and that I have read and understand the Notice. The documentation I have provided (if any) to support my claim is original or a true and correct copy. I agree to furnish additional information to the Settlement Administrator to support this claim if requested to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.


_____  _____
Signature               Date

_____
Print name

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE ORRIN S. ANDERSON,<br><br><div align="center">Debtor,</div> |  |
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON,<br>A/K/A ORRIN SCOTT ANDERSON,<br><br><div align="center">Debtor and Plaintiff<br>on behalf of himself<br>and all others similarly<br>situated,</div><br><div align="center">v.</div><br>CAPITAL ONE BANK (USA), N.A.<br><br><div align="center">Defendant.</div> | Chapter 7<br>Case No. 14-22147 (RDD)<br><br>Adv. Proc. No.<br>15-08342 (RDD) |

### [PROPOSED] ORDER PRELIMINARRILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above-entitled adversary proceeding (Adv. Proc. No. 15-08342 (RDD))an above entitled action is pending before this Court, which, along with related proceedings (No. 14-22147 (RDD)) are collectively referred toand is referred to herein as the "Action";

WHEREAS, the parties have reached a Settlement of this Action, in accordance with the Settlement Agreement and Release dated April 3, 2019 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits annexed thereto;

WHEREAS, the Parties have agreed to seek preliminary approval of the Agreement and

<div align="center">1</div>

proposed Settlement from this Court, and, upon the entry of this Order, the Parties will file a

motion to withdraw the reference with the United States District Court for the Southern District

of New York (the "District Court"), so that the District Court may decide whether to approve this

Settlement in accordance with Rule 23(c) of the Federal Rules of Civil Procedure;

WHEREAS, the Court held a hearing on the Motion for Preliminary Approval of Class

Settlement on April 23, 2019 (the "Preliminary Approval Hearing"); WHEREAS, all defined

terms herein have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Settlement**. Plaintiff Orrin S. Anderson, on behalf of himself and all members of

the Class, and Defendant Capital One Bank USA, N.A. ("Capital One"), have negotiated a

Settlement to the Action to avoid the expense, uncertainties, and burden of protracted litigation,

and to resolve the Released Claims (as defined in the Agreement) against Capital One and the

Releasees.

2.    **Review**. At the preliminary approval stage, the Court's task is to evaluate whether

the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th

ed. 2010). "The court owes a duty to class members to ensure that the proposed settlement is

'fair, reasonable and adequate.'" *In re Initial Public Offering Litig.,* 226 F.R.D. 186, 190

(S.D.N.Y. 2005) (quoting Fed. R. Civ. P. 23(e)(C)). "Ultimately, the approval of the proposed

settlement is a matter of discretion for the trial court. In exercising that discretion, though, 'it is

axiomatic that the law encourages settlement of disputes.'" *Id.* (quoting *Bano v. Union Carbide

Corp.*, 273 F.3d 120, 129 (2d Cir. 2001)). Settlement negotiations that involve arm's length,

informed bargaining with the aid of experienced counsel support a preliminary finding of

fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of

fairness, adequacy, and reasonableness may attach to a class settlement reached in arms'-length

negotiations between experienced, capable counsel after meaningful discovery.") (internal

quotation marks omitted). The Court has carefully reviewed the Agreement, as well as the files,

3

records, and proceedings to date in the Action. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

3.    **Jurisdiction**.  This Court and the District Court have jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

4.    **Preliminary Approval**.  For the reasons stated on the record at the Preliminary Approval Hearing, the Court hereby preliminarily approves the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5.    **Settlement Class**.  The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive final approval or should the Effective Date not occur), a class defined as the collective group of those individuals (i) who maintained a Credit Card Account; (ii) whose debt related to a Credit Card Account was charged off and then sold to a Debt Buyer on or after January 1, 2008, and (iii) who post-sale sought and obtained a discharge as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, through and including March 22, 2016.  The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question;

4

(c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      **Designation of Class Representative and Class Counsel**. The Court appoints the Plaintiff Orrin S. Anderson as Class Representative, and the law firms of Boies Schiller Flexner LLP and Charles Juntikka & Associates LLP as Class Counsel.

7.      **Final Approval Hearing**. Within seven (7) days of the entry of this Order, the Parties shall file a motion to withdraw the reference of the Action and obtain a date for a hearing (the "Final Approval Hearing") to be held before the District Court, at the United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  At the Final Approval Hearing, the District Court will determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.40 of the Agreement should be entered; (iii) whether Class Members should be bound by the Release set forth in the Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and the amount of any incentive award to be awarded to the Class Representative.

8.      **Class Notice**. The Court approves the form, substance and requirements of the notice of proposed settlement of class action and the claim forms annexed hereto as Exhibits 1-A ("Mail Notice"), 1-B ("Long Form Notice"), and 2 ("Claim Form"), respectively. The Court further finds that the form, content and mailing of the Mail Notice, substantially in the manner and form set forth in Paragraphs 9 and 10 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.  The Court further finds that this is the best

notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude himself or herself from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

9.      **Settlement Administrator**. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints BrownGreer PLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      No later than forty-five (45) days from the entry of this Order (the "Mail Notice Deadline"), the Settlement Administrator shall cause a copy of the Mail Notice, substantially in the form annexed as Exhibit 1-A hereto, to be mailed by first class mail to each individual on the Notice List;

(b)      No later than the Mail Notice Deadline, the Settlement Administrator shall establish a website and shall post on the website the Agreement; the Long Form Notice, substantially and in the form annexed as Exhibit 1-B; and the Claim Form, substantially and in the form annexed as Exhibit 2;

(c)      Following the mailing of the Mail Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing; and

(d)      The Settlement Administrator shall otherwise carry out its duties as set forth in Section 7 of the Agreement.

10.      **Submission of Claim Forms**. Class Members who wish to receive a Claim Type 1 or Claim Type 2 payment under the Settlement shall complete, sign and return their Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise,

all Claim Forms must be submitted electronically or postmarked no later than forty-five (45) days after the Mail Notice Deadline or the date of the Final Approval Hearing, whichever is later, or as the Bankruptcy Court may otherwise direct (the "Claim Deadline"). <u>Any Class Member who does not timely and validly submit a Claim Form within the time provided shall be barred from receiving a Claim Type 1 or Claim Type 2 payment under the Settlement, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court.</u>

11.    **Exclusion from the Class**. Any Class Member may, upon request, be excluded from the Class.  Any such Class Member must submit a written Request to Opt Out no later than sixty (60) days after the Mail Notice Deadline, or the date of the Final Approval Hearing, whichever is later (the "Opt-Out Deadline"). The written Request to Opt Out must be sent to the Settlement Administrator at the following address: **[Address]**. To be valid, the Request to Opt Out must include the Class Member's name, address, original signature, and a statement that indicates a desire to be excluded from the Settlement Class.  All Class Members who submit valid and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement, shall not receive a Settlement payment, and shall not be bound by the Agreement or any Final Judgment.  Mass or class opt outs shall not be allowed.

12.    **Copies of Requests to Opt Out**. The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

13.    **Entry of Appearance**. Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.  If he or she does not enter an appearance, he or she will be represented by Class Counsel.

7

14.    **Binding Effect on Class**.  <u>All Members who do not exclude themselves from the Settlement Class by properly and timely submitting an exclusion form shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.</u>

15.    **Objections**.  Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a Final Judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Class Counsel; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel or award made to the Class Representative, unless a written objection is filed with the Clerk of the United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, by sixty (60) days after the Mail Notice Deadline or the date of the Final Approval Hearing, whichever is later (the "Objection Deadline"). A copy of the objection must also be mailed to Class Counsel and Defense Counsel, postmarked on or before the Objection Deadline. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Anderson v. Capital One Bank (USA), N.A.*, Adv. Pro. No. 15-08342); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the basis for objection; and (d) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and

shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representative for their representation of the Class, unless otherwise ordered by the Court.

16.    **Appearance of Objectors at Final Approval Hearing**.  Any Class Member who files and serves a written objection in accordance with Paragraph 15 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

17.    **Service of Motion for Final Approval**. The motion in support of final approval of the Settlement and Class Counsel's application for Attorneys' Fees and Expenses and the Incentive Award shall be filed and served no later than fourteen (14) days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) days prior to the Final Approval Hearing.

18.    **Fees, Expenses, and Awards**. Neither Defendant nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses or for an Incentive Award submitted by Class Counsel, and such matters will be considered separately from the fairness,

reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the District Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representative for their representation of the Class, should be approved.

19.     **Releases**. If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

20.     **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

21.     **Adjournment of Final Approval Hearing**. This Court and the District Court reserve the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The District Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22.     **Stay of Proceedings**. All proceedings in this Action are stayed until further Order of this Court, including all proceedings in the Anderson Bankruptcy, including any examination by the United States Trustee, except as may be necessary to implement the Settlement or comply

with the terms of the Agreement.

23.     **Preliminary Injunction**. Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude himself or herself from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

24.     **Termination of Settlement**.  If:  (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 20 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

25.     **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

26.     **Authority**. The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

        IT IS SO ORDERED.


DATED: _____                    _____
                                                 THE HONORABLE ROBERT D. DRAIN
                                                 UNITED STATES BANKRUPTCY JUDGE

11

<div align="center">

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

</div>

| | |
|---|---|
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON, A/K/A ORRIN SCOTT ANDERSON, | |
|                 Debtor and Plaintiff on behalf of himself and all others similarly situated, | NO. **[DC Case No.]** |
|      v. | |
| CAPITAL ONE BANK (USA), N.A. | |
|                 Defendant. | |

<div align="center">

**[PROPOSED] FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

</div>

This matter came before the Court for hearing pursuant to the Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated _____, 201_, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated April 3, 2019 (the "Agreement"). On ___, 201_, the Bankruptcy Court granted preliminary approval of the proposed class action settlement set forth in the Agreement between Plaintiff Orrin S. Anderson ("Class Representative"), on behalf of himself and all members of the Class, and Capital One Bank (USA), N.A. ("Capital One"). The Bankruptcy Court also provisionally certified the Class for settlement purposes and approved the procedure for giving Class Notice to the members of the Settlement Class. This Court finds that the Class Notice, substantially in the form approved by the Bankruptcy Court in the Preliminary Approval Order, was given in the manner ordered by the Bankruptcy Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On_____, 201_, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Class Representative's Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel for the Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    **Definitions.** This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Agreement.

2.    **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3.    **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4.    **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as those individuals i) who maintained a Credit Card Account; (ii) whose debt related to a Credit Card Account was charged off and then sold to a Debt Buyer on or after January 1, 2008, and (iii) who post-sale sought and obtained a discharge as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, through and including March 22, 2016. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class

- 2 -

Representative are typical of the claims of the Class; (d) the Class Representative and his counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      **Designation of Class Representative and Class Counsel.** The Court confirms the prior appointments of the Plaintiff Orrin S. Anderson as Class Representative, and the law firms of Boies Schiller Flexner LLP and Charles Juntikka & Associates LLP as Class Counsel.

6.      **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7.      **Credit Reporting.** The Court further finds that insofar as Capital One has requested that the Credit Reporting Agencies delete any Capital One-reported Tradelines with respect to the Affected Accounts (as those terms are defined in the Agreement), Capital One has cured any violation of a discharge order or noncompliance with applicable law, including the Fair Credit Reporting Act, and that Capital One's Tradeline-deletion request was consistent with Capital One's obligations, if any, to furnish post-sale, bankruptcy-related information with respect to such accounts. If in the future Capital One sells Defaulted Credit Card Accounts to Debt Buyers, and Capital One requests the deletion of associated Tradelines, as permitted under section 3 of the Agreement, such request would be in compliance with applicable law, including the Fair Credit Reporting Act, and remove any obligation to furnish post-sale, bankruptcy-related

information with respect to such accounts.

8.  **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed pursuant to Paragraph 22 of this Order. Nothing herein is intended to waive or prejudice the rights of Class Members who have timely excluded themselves from the Class.

9.  **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.1-1.57 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

10. **Permanent Injunction.** The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not), either directly, representatively or in any other capacity, asserting any of the Released Claims (including Unknown Claims) against any of the Releasees.  The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the

definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

11.    **Approval of Class Notice.** The form and means of disseminating notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12.    **Attorneys' Fees and Expenses, Incentive Award.** Any order entered regarding the Attorneys' Fees and Expenses or the Incentive Award application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.    **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of

liability or wrongdoing whatsoever or breach of any duty on the part of Defendant. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14.    **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any  other necessary purpose, including to ensure compliance with the Protective Orders.

15.    **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16.    **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

17.    **Claim Review and Deficiency Process.** The Settlement Administrator shall validate each Claim Form as directed in Section 5 of the Agreement. Full compliance with the requirements of the terms of the Agreement and the Claim Form shall be necessary for the submission of a valid Claim.  The Settlement Administrator shall have the authority to determine whether the submission of a Claim Form is complete and timely.  The Settlement Administrator's determinations in this regard shall be final and non-appealable. Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that Claim Type 1 or 2 but shall in all other respects be bound by the terms of the Agreement and by this Order.

18.    **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19.    **Class Action Fairness Act (CAFA) Notice.**  Defendant has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20.    **Preservation.** Upon the Effective Date, the Defendant shall have no obligation to preserve documents and evidence with respect to Released Claims, and the Class Representative and Class Counsel may not pursue any spoliation claims or other actions or sanctions against Defendant with respect to documents or evidence related to the Released Claims.

21.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

22.    **Action Closed.**  The Clerk of the Court is hereby directed to close the Action.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE **[JUDGE]**
UNITED STATES DISTRICT JUDGE